UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

VERNON OARD,

    Plaintiff,

v.

COUNTY OF MUSKEGON, and
14th JUDICIAL CIRCUIT COURT,

    Defendants.

Case No. 1:17-cv-

Hon.

---

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

Plaintiff Vernon Oard hereby files this Complaint and states as follows:

## JURISDICTION AND VENUE

1. This is an action requesting the Court to remedy violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; and factually-related violations of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, et seq.

2. The Court has jurisdiction over this Complaint under 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

3. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b). The acts which are the subject of this action occurred in the

Western District, including the County of Muskegon, Michigan.

## THE PARTIES

4. Plaintiff Vernon Oard is a 57-year-old limited licensed psychologist in the State of Michigan and a resident of Kent County, Michigan, located in the Western District of Michigan. Mr. Oard was employed by Defendant, the County of Muskegon ("County") from 2012 until the County laid him off in 2016.

5. Defendant County is a political and administrative division of the state, with its offices located in Muskegon, Michigan. It offers public governmental services to its approximately 173,951 residents.

6. The Muskegon County Juvenile Transition Center ("JTC") was a secure coeducational child caring institution and was a department within the County, which operated under the umbrella of the Muskegon County Department of Community Corrections.

7. Defendant 14th Judicial Circuit Court ("the Circuit Court"), also known as the Muskegon County Circuit Court, operates a Family Division that handles family law cases and now oversees the JTC. The County also employs the individuals who work in the Muskegon County Circuit Court, with the exception of the Court's judges.

## COUNT I - VIOLATION OF TITLE VII – SEX DISCRIMINATION
## FACTUAL ALLEGATIONS

8. Mr. Oard served as the Youth Services Director for the JTC from September 17, 2012 through September 30, 2016.

9. On September 30, 2016, the County laid off Mr. Oard from his position as Youth Services Director because of County efforts to reorganize the JTC to operate under the administration of the Family Division of the Circuit Court.

10. This reorganization was also part of the efforts to transition the Juvenile Transition Center to a licensed Circuit Court-operated facility rather than a County-licensed facility.

11. Mr. Oard's then-supervisor, Mark Eisenbarth, the County Administrator, explicitly told Mr. Oard that his lay-off was strictly due to budgetary concerns and the reorganization and that there were no problems with Mr. Oard's work performance.

12. The County also eliminated the position of Program Coordinator at the JTC, a position which reported to Mr. Oard as the Youth Services Director, as a result of the same reorganization efforts.

13. The County reconfigured the Youth Services Director position for the JTC to become the Family Court Clinical Director, under the direction of the Family Division of the Circuit Court. The Family Court Clinical Director position assumed Mr. Oard's former duties as the Youth Services Director.

14. Shortly after Mr. Oard was laid off, the County posted the new position of the Family Court Clinical Director.

15. The Family Court Clinical Director position required a Master's degree in "Business or Public Administration or closely related field" and a minimum of 10 years of "increasingly responsible administrative level work experience including

juvenile justice and child placing agency."

16. On October 1, 2016, the County and/or the Circuit Court appointed an Interim Family Court Clinical Director until the position could be permanently filled.

17. The Interim Family Court Clinical Director was a female, approximately 32 years old, who had previously served in the position of JTC Program Coordinator, a position subordinate to Mr. Oard's position of Youth Services Director ("Younger Female Subordinate").

18. The Younger Female Subordinate applied for the permanent position of Family Court Clinical Director on November 2, 2016.

19. Mr. Oard applied for the permanent position of Family Court Clinical Director on November 4, 2016.

20. The Younger Female Subordinate obtained her Master's of Social Work degree in 2012, and thus had only four years of post-graduate education work experience.

21. The Younger Female Subordinate's work experience in the field of youth services began in 2008. In her eight years of work experience (approximately four of which took place prior to her completion of a Master's degree), she had not served in an "increasingly responsible administrative level work experience including juvenile justice and child placing agency."

22. In the four years Mr. Oard served as Youth Services Director, Mr. Oard performed his job exceptionally well, receiving annual evaluations with scores

between "very effective" and "outstanding" on the performance scale for his most recent years' evaluations and receiving an overall "effective" score after his first year of employment.

23. During his work as Youth Services Director, Mr. Oard was awarded annual merit increases based on his performance and received no discipline or corrective actions.

24. Mr. Oard possesses a Master's degree in Counseling Psychology, which he obtained in 1994.

25. He also possesses an undergraduate degree in Public Administration.

26. For four years, Mr. Oard had served in an administrative role as the Youth Services Director for the JTC.

27. Prior to his employment with the County, Mr. Oard had 29 years of experience in the field of psychological treatment, including 15 years in an administrative role as the Associate Director of Residential Services at Wedgwood Christian Services.

28. Four other individuals also applied for the position of Family Court Clinical Director besides Mr. Oard and the Younger Female Subordinate.

29. The County and the Circuit Court conducted two rounds of interviews for the position of Family Court Clinical Director in November and December 2016.

30. In January 2017, the Younger Female Subordinate was hired for the permanent position of Family Court Clinical Director.

31. During Mr. Oard's employment with the County and during the above hiring process, Eric Stevens was the Family Court Administrator for the Circuit Court.

32. The new position of Family Court Clinical Director reported directly to the Family Court Administrator, Mr. Stevens.

33. In 2015, Mr. Stevens called Mr. Oard and suggested he hire the Younger Female Subordinate for the then-position of Program Coordinator with the JTC.

34. Mr. Stevens was directly and intimately involved with the reorganization of the JTC under the auspices of the Family Division of the Circuit Court and in creating the position of Family Court Clinical Director, which reported to him.

35. Upon information and belief, Mr. Stevens advocated strongly for the hiring of the Younger Female Subordinate and directly influenced the hiring committee's decision to hire her as the Family Court Clinical Director instead of Mr. Oard.

36. During the times relevant to this Complaint, upon information and belief, Mr. Stevens had an ongoing sexual relationship with the Younger Female Subordinate.

37. Upon information and belief, Mr. Stevens previously had sexual relationships with at least two other younger female County employees.

38. During the times relevant to this Complaint, Mr. Stevens demonstrated a preference for hiring young women, i.e., women under 40 years of age.

39. In April 2017, following a County internal investigation of Mr. Stevens and his supervisory and hiring practices, he resigned from his position as Family Court Administrator.

40. Upon information and belief, a Judge of the 14th Judicial Circuit Court asked Mr. Stevens to resign his position after the County's internal investigation.

41. Upon information and belief, the Circuit Court learned of Mr. Stevens' inappropriate sexual relationships with female County subordinates and confirmed the sexual relationship between Mr. Stevens and the Younger Female Subordinate through either text or email messages discovered on a County phone.

42. The Younger Female Subordinate resigned from the position as Family Court Clinical Director approximately 2 weeks after Mr. Stevens resigned, and after less than 5 months in the position.

43. By the time the County and/or the Circuit Court re-posted the Family Court Clinical Director position, Mr. Oard had found and begun alternate employment, and he was not able to re-apply for the position at that time.

44. Upon information and belief, Mr. Stevens advocated for the hiring of the Younger Female Subordinate over Mr. Oard based at least in part because of his sexual relationship with her.

45.     Upon information and belief, Mr. Stevens influenced the County's decision to layoff Mr. Oard instead of Younger Female Subordinate or other staff members, based at least in part because of his sexual relationship with Younger Female Subordinate. This was because of Mr. Stevens' desire that Younger Female Subordinate be appointed to the interim, reconfigured position of Family Court Clinical Director.

46.     Upon information and belief, Mr. Stevens influenced members of the County's hiring committee in favor of hiring Younger Female Subordinate and against hiring Mr. Oard for the permanent reconfigured position of Family Court Clinical Director which subsumed Mr. Oard's old duties. As such, the County's and/or the Circuit Court's decision to hire Younger Female Subordinate over Mr. Oard for the permanent position was the product of Mr. Stevens' unlawful discrimination on the basis of sex and age.

## CAUSE OF ACTION

47.     The County violated 42 U.S.C. § 2000e–2 when it laid off Mr. Oard as aforesaid.

48.     The County and the Circuit Court violated 42 U.S.C. § 2000e–2 when it appointed Younger Female Subordinate rather than Mr. Oard to the interim position of Family Court Clinical Director as aforesaid.

49.     The County and the Circuit Court violated 42 U.S.C. § 2000e–2 when it hired Younger Female Subordinate rather than Mr. Oard for the permanent position of Family Court Clinical Director as aforesaid.

50. Mr. Oard has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

## STATUTORY PREREQUISITES

51. On or about June 8, 2017, pursuant to 42 U.S.C. § 2000e–5(e), Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

52. EEOC advised Plaintiff by letter dated September 27, 2017, a copy of which is attached hereto as Exhibit 1, that he was entitled to institute a civil action in the United States District Court within 90 days of receipt of said letter, in accordance with 42 U.S.C. § 2000e–5(f)(1). Plaintiff received said letter on September 30, 2017.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant him the following relief:

A. Award Plaintiff damages equal to any salary, wages, bonuses, employment benefits and/or other compensation denied or lost to him by reason of violations of Title VII by Defendants, plus interest;

B. Award Plaintiff compensatory damages for mental anguish, emotional distress, and damage to his career;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his costs and reasonable attorney fees;

E.    Award Plaintiff such other relief as may be just and equitable.

## COUNT II – VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 –
## FACTUAL ALLEGATIONS

53.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

54.    The County's layoff of Mr. Oard constitutes unlawful discrimination on the basis of Plaintiff's age.

55.    The County's and the Circuit Court's appointment of Younger Female Subordinate for the interim position of Family Court Clinical Director instead of Mr. Oard constitutes unlawful discrimination on the basis of Plaintiff's age.

56.    The County's and the Circuit Court's hiring of Younger Female Subordinate for the permanent position of Family Court Clinical Director over Mr. Oard at Mr. Stevens' direction and/or because of his influence constitutes unlawful discrimination on the basis of Plaintiff's age.

### CAUSE OF ACTION

57.    The County violated 29 U.S.C. § 621 et seq. when it committed the acts of discrimination on the basis of age as aforesaid.

58.    Plaintiff has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

10

59. All statutory prerequisites for this claim have been met as alleged in preceding paragraphs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant him the following relief:

A. Award Plaintiff damages equal to any salary, wages, bonuses, employment benefits and/or other compensation denied or lost to him by reason of violations of ADEA by Defendants, plus interest;

B. Award Plaintiff compensatory damages for mental anguish, emotional distress, and damage to his career;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his costs and reasonable attorney fees;

E. Award Plaintiff such other relief as may be just and equitable.

## COUNT III – VIOLATION OF ELCRA – SEX DISCRIMINATION

60. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

61. The County's and the Circuit Court's actions related to the layoff of Mr. Oard, and the interim and then permanent hiring of Younger Female Subordinate for the Family Court Clinical Director position at Mr. Stevens' direction, constitute unlawful discrimination on the basis of Plaintiff's sex.

## CAUSE OF ACTION

62. The County and the Circuit Court violated the ELCRA, Mich. Comp. Laws § 37.2101, et seq. when it committed the acts of discrimination on the basis of sex as aforesaid.

63. Plaintiff has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant him the following relief:

A. Award Plaintiff damages equal to any salary, wages, bonuses, employment benefits and/or other compensation denied or lost to him by reason of violations of ELCRA by Defendants, plus interest;

B. Award Plaintiff compensatory damages for mental anguish and emotional distress;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his costs and reasonable attorney fees;

E. Award Plaintiff such other relief as may be just and equitable.

## COUNT IV – VIOLATION OF ELCRA – AGE DISCRIMINATION

64. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

65. The County's and the Circuit Court's actions related to the layoff of Mr. Oard, and the interim and then permanent hiring of Younger Female Subordinate for the Family Court Clinical Director position at Mr. Stevens' direction, constitute unlawful discrimination on the basis of Plaintiff's age.

## CAUSE OF ACTION

66. The County and the Circuit Court violated the ELCRA, Mich. Comp. Laws § 37.2101, et seq. when it committed the acts of discrimination on the basis of age as aforesaid.

67. Plaintiff has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant him the following relief:

A. Award Plaintiff damages equal to any salary, wages, bonuses, employment benefits and/or other compensation denied or lost to him by reason of violations of ELCRA by Defendants, plus interest;

B. Award Plaintiff compensatory damages for mental anguish and emotional distress;

    C.    Award Plaintiff punitive damages;

    D.    Award Plaintiff his costs and reasonable attorney fees;

    E.    Award Plaintiff such other relief as may be just and equitable.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: December 27, 2017    By: /s/ Sarah R. Howard
    Sarah Riley Howard
    Business Address:
    146 Monroe Center, N.W., Suite 805
    Grand Rapids, MI 49503
    (616) 451-8496
    showard@psfklaw.com

## JURY DEMAND

To the extent jury trial is allowed with regard to any of the issues as set forth above, Plaintiff Vernon Oard demands the same.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: December 27, 2017    By: /s/ Sarah R. Howard
    Sarah Riley Howard
    Business Address:
    146 Monroe Center, N.W., Suite 805
    Grand Rapids, MI 49503
    (616) 451-8496
    showard@psfklaw.com

# ATTACHMENT 1

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Vernon R. Oard**
~~[redacted]~~
**Grand Rapids, MI 49507**

From: **Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2017-02363 | Anthony Warren, Investigator | (313) 226-6550 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Michelle Eisele,
District Director

9/27/2017
(Date Mailed)

Enclosures(s)

cc: **JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.**
**c/o: Laura S. Amtsbuechler**
**27555 Executive Drive**
**Suite 250**
**Farmington Hills, MI 48331**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*