UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

              Plaintiff,

v                                   Case No. 1:17-CV-1136
                                  Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

              Defendants.

_____

PINSKY, SMITH, FAYETTE
  & KENNEDY, LLP
By:  Sarah Riley Howard (P58531)
Attorney for Plaintiff
146 Monroe Center Street, NW
Suite 805
Grand Rapids, MI 49503-2818
(616) 451-8496
showard@psfklaw.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By:  Laura S. Amtsbuechler (P36972)
     Laura Bailey Brown (P79742)
     Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax:  (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

_____

## **DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

Defendants, through their attorneys, JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C., submit the following in Answer to Plaintiff's Complaint, stating as follows:

### **JURISDICTION AND VENUE**

1.      This is an action requesting the Court to remedy violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; and factually-related violations of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, et seq.

**ANSWER:**

In answer to Paragraph 1, Defendants deny that they violated the statutes and laws listed within this paragraph for the reason that any such allegation is untrue. Defendants provide no answer to the Plaintiff's allegation that he has requested relief pursuant to these enumerated laws as such requires no answer, and Defendants leave Plaintiff to his proofs.

2.      The Court has jurisdiction over this Complaint under 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

**ANSWER:**

In answer to Paragraph 2, Defendants do not contest Plaintiff's assertion that this Court has jurisdiction over Plaintiff's federal claims, with the exception of those barred by 11th Amendment immunity.

3.      Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b).   The acts which are the subject of this action occurred in the Western District, including the County of Muskegon, Michigan.

**ANSWER:**

In answer to Paragraph 3, Defendants do not contest venue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

**THE PARTIES**

4.      Plaintiff Vernon Oard is a 57-year-old limited licensed psychologist in the State of Michigan and a resident of Kent County, Michigan, located in the Western District of Michigan. Mr. Oard was employed by Defendant, the County of Muskegon ("County") from 2012 until the County laid him off in 2016.

**ANSWER:**

In answer to Paragraph 4, Defendant County of Muskegon admits that Vernon Oard was employed by the County of Muskegon from 2012 until he was laid off by the County Board when the position of Youth Services Director was eliminated by the County Board in September of 2016.  Defendant County of Muskegon neither admits nor denies all remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to his proofs.  Defendant 14th Judicial Circuit Court neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to his proofs.

5.     Defendant County is a political and administrative division of the state, with its offices located in Muskegon, Michigan.   It offers public governmental services to its approximately 173,951 residents.

**ANSWER:**

In answer to Paragraph 5, Defendant County of Muskegon denies that Plaintiff has accurately characterized its legal status, and further denies that Plaintiff has accurately described its purpose, for the reason that these allegations are untrue.  Defendant County of Muskegon affirmatively states that it is a governmental entity created pursuant to Michigan statutes with the commensurate statutory rights and authority. Defendant 14th Judicial District Court provides no answer to this allegation for the reason that it is does not pertain to the Court.

6.     The Muskegon County Juvenile Transition Center ("JTC") was a secure coeducational child caring institution and was a department within the County, which operated under the umbrella of the Muskegon County Department of Community Corrections.

**ANSWER:**

In answer to Paragraph 6, Defendant County of Muskegon admits that the Juvenile Transition Center was administered by the County prior to September 27, 2016, and further states that it was licensed as a child care institution.  Defendant County of Muskegon denies the remaining allegations for the reason they are untrue.  Defendant 14th Judicial Circuit Court provides no answer to these allegations insofar as they do not pertain to the Court.

7.      Defendant 14th Judicial Circuit Court ("the Circuit Court"), also known as the Muskegon County Circuit Court, operates a Family Division that handles family law cases and now oversees the JTC.  The County also employs the individuals who work in the Muskegon County Circuit Court, with the exception of the Court's judges.

**ANSWER:**

In answer to Paragraph 7, Defendants 14th Judicial Circuit Court and County of Muskegon admit that the 14th Judicial Circuit Court operates a Family Division which handles cases and matters as provided for by law and by the Michigan Supreme Court.  These Defendants admit that the Family Court is responsible for the day to day operations of the Juvenile Court, including juvenile probation services, programming and administration of the County Child Care Fund.  Defendants further admit that the administrative authority over the Juvenile Transition Center was transferred to the Family Court effective September 27, 2016. Defendants deny all remaining allegations for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

### COUNT I - VIOLATION OF TITLE VII – SEX DISCRIMINATION
### FACTUAL ALLEGATIONS

8.      Mr. Oard served as the Youth Services Director for the JTC from September 17,

2012 through September 30, 2016.

**ANSWER:**

In answer to Paragraph 8, Defendants admit that Plaintiff was the JTC Youth Services Director from September, 2012 through the date that the Board of Commissioners laid him off through Board action on September 27, 2016 which became effective on September 30, 2016.

9.      On September 30, 2016, the County laid off Mr. Oard from his position as Youth Services Director because of County efforts to reorganize the JTC to operate under the administration of the Family Division of the Circuit Court.

**ANSWER:**

In answer to Paragraph 9, Defendant County of Muskegon admits that Mr. Oard was laid off from his position as Youth Services Director on September 27, 2016, which became effective on September 30, 2016.  Defendants County of Muskegon and the 14th Judicial Circuit Court admit that the administration of the JTC was transferred to the Family Division of the Circuit Court. Defendants deny the characterization of the County action as "efforts to reorganize the JTC" for the reason that this is untrue. Defendants neither admit nor deny all remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

10.     This reorganization was also part of the efforts to transition the Juvenile Transition Center to a licensed Circuit Court-operated facility rather than a County-licensed facility.

**ANSWER:**

In answer to Paragraph 10, Defendants admit that the JTC became a licensed court operated facility when it was transferred to administration of the Family Division of the Circuit Court and affirmatively state that this was for legitimate reasons related to operation of a

licensed Court operated facility rather than a County facility. Defendants further admit that subsequent to the transfer, the Juvenile Transition Center was reorganized under the administration of the Court.  Defendants deny all remaining allegations for the reason that they are untrue.

11.    Mr. Oard's then-supervisor, Mark Eisenbarth, the County Administrator, explicitly told Mr. Oard that his lay-off was strictly due to budgetary concerns and the reorganization and that there were no problems with Mr. Oard's work performance.

**ANSWER:**

In answer to Paragraph 11, Defendant County of Muskegon admits that County Administrator, Mark Eisenbarth told Mr. Oard that his lay off was due to budgetary concerns and was not related to Mr. Oard's performance.  Defendant County of Muskegon denies all remaining allegations for the reason that they are untrue.  Defendant 14th Judicial Circuit Court provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to his proofs.

12.    The County also eliminated the position of Program Coordinator at the JTC, a position which reported to Mr. Oard as the Youth Services Director, as a result of the same reorganization efforts.

**ANSWER:**

In answer to Paragraph 12, Defendants admit that the position of Program Coordinator at the JTC, a position which reported to the Youth Services Director, was also eliminated when the JTC was transferred to the Court.  Defendants deny Plaintiff's characterization of this as a "reorganization effort" for the reason that such characterization is inaccurate and untrue. Defendants deny all remaining allegations as untrue.

13.    The County reconfigured the Youth Services Director position for the JTC to

become the Family Court Clinical Director, under the direction of the Family Division of the Circuit Court.  The Family Court Clinical Director position assumed Mr. Oard's former duties as the Youth Services Director.

**ANSWER:**

In answer to Paragraph 13, Defendants deny the allegations contained therein for the reason that they are untrue.

14.     Shortly after Mr. Oard was laid off, the County posted the new position of the Family Court Clinical Director.

**ANSWER:**

In answer to Paragraph 14, Defendants admit that subsequent to the elimination of the Youth Services Director position, and transfer of the JTC to administration by the Court as a licensed court operated facility, the new position of Family Court Clinical Director/Superintendent was posted, through the County Human Resources Department and deny all remaining allegations for the reason that they are untrue.

15.     The Family Court Clinical Director position required a Master's degree in "Business or Public Administration or closely related field" and a minimum of 10 years of "increasingly responsible administrative level work experience including juvenile justice and child placing agency."

**ANSWER:**

In answer to Paragraph 15, Defendants deny that Plaintiff has accurately stated the Family Court Clinical Director/Superintendent position requirements for the reason that Plaintiff's allegations are untrue.

16.     On October 1, 2016, the County and/or the Circuit Court appointed an Interim Family Court Clinical Director until the position could be permanently filled.

**ANSWER:**

In answer to Paragraph 16, Defendants admit that the County of Muskegon appointed an Interim Family Court Clinical Director/Superintendent on September 27, 2016, effective October 1, 2016, and further admit that the interim position was effective until the position could be permanently filled.  Defendants deny all remaining allegations for the reason that they are untrue.

17.    The Interim Family Court Clinical Director was a female, approximately 32 years old, who had previously served in the position of JTC Program Coordinator, a position subordinate to Mr. Oard's position of Youth Services Director ("Younger Female Subordinate").

**ANSWER:**

In answer to Paragraph 17, Defendants admit that the Family Court Clinical Director/Superintendent position was filled by a female approximately 32 years of age. Defendants affirmatively state that, while the position of Program Coordinator may have been subordinate to the position of Youth Service Director, characterization of the individual in that position as "younger female subordinate" is not accurate.

18.    The Younger Female Subordinate applied for the permanent position of Family Court Clinical Director on November 2, 2016.

**ANSWER:**

In answer to Paragraph 18, Defendants deny Plaintiff's characterization of the applicant as the "younger female subordinate" for the reason that this characterization is inaccurate and thus untrue.  Defendants admit that the Interim Family Court Clinical Director, who was female, and younger than Plaintiff, did apply for the permanent position of Family Court Clinical Director on or about November 2, 2016.

19.     Mr. Oard applied for the permanent position of Family Court Clinical Director on November 4, 2016.

**ANSWER:**

In answer to Paragraph 19, Defendants admit this allegation.

20.     The Younger Female Subordinate obtained her Master's of Social Work degree in 2012, and thus had only four years of post-graduate education work experience.

**ANSWER:**

In answer to Paragraph 20, Defendants admit that the candidate identified in paragraph 17 above, did obtain her Masters of Social Work degree in 2012 and deny all remaining allegations for the reason that they are untrue.

21.     The Younger Female Subordinate's work experience in the field of youth services began in 2008.  In her eight years of work experience (approximately four of which took place prior to her completion of a master's degree), she had not served in an "increasingly responsible administrative level work experience including juvenile justice and child placing agency."

**ANSWER:**

In answer to Paragraph 21, Defendants admit that the application of the candidate identified in paragraph 17 above reflects that her work experience in the field of youth services began in the year 2008 and deny all remaining allegations for the reason they are untrue.

22.     In the four years Mr. Oard served as Youth Services Director, Mr. Oard performed his job exceptionally well, receiving annual evaluations with scores between "very effective" and "outstanding" on the performance scale for his most recent years' evaluations and receiving an overall "effective" score after his first year of employment.

**ANSWER:**

In answer to Paragraph 22, Defendant County of Muskegon admits that Mr. Oard served as Youth Services Director and received annual evaluations which were overall satisfactory, and contained ratings as more specifically set forth within those evaluation documents.  Defendant County of Muskegon denies Plaintiff's characterization of Mr. Oard's job performance as having performed "exceptionally well" for the reason that this characterization is inaccurate.  Defendant 14th Judicial Circuit Court provides no answer to this paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.

23.     During his work as Youth Services Director, Mr. Oard was awarded annual merit increases based on his performance and received no discipline or corrective actions.

**ANSWER:**

In answer to Paragraph 23, Defendants admit the allegations.

24.     Mr. Oard possesses a Master's degree in Counseling Psychology, which he obtained in 1994.

**ANSWER:**

In answer to Paragraph 24, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

25.     He also possesses an undergraduate degree in Public Administration.

**ANSWER:**

In answer to Paragraph 25, Defendant County of Muskegon admits, upon information and belief.  Defendant, 14th Judicial Circuit Court provides no answer to the allegations contained within this paragraph for lack of knowledge or information sufficient upon which to

form a belief as to the truth of the allegations and thereby leaves Plaintiff to his proofs.

26.    For four years, Mr. Oard had served in an administrative role as the Youth Services Director for the JTC.

**ANSWER:**

In answer to Paragraph 26, Defendants admit this allegation.

27.    Prior to his employment with the County, Mr. Oard had 29 years of experience in the field of psychological treatment, including 15 years in an administrative role as the Associate Director of Residential Services at Wedgwood Christian Services.

**ANSWER:**

In answer to Paragraph 27, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

28.    Four other individuals also applied for the position of Family Court Clinical Director besides Mr. Oard and the Younger Female Subordinate.

**ANSWER:**

In answer to Paragraph 28, Defendants admit that at least four others applied for the position of Family Court Clinical Director/Superintendent. Defendants state that 11 applied, and six were qualified and were submitted for consideration.

29.    The County and the Circuit Court conducted two rounds of interviews for the position of Family Court Clinical Director in November and December 2016.

**ANSWER:**

In answer to Paragraph 29, Defendants admit that there were two rounds of interviews for the position of Family Court Clinical Director/Superintendent in November and December of 2016.    Defendants deny Plaintiff's characterization as these interviews as having been

conducted by the "County and the Circuit Court" for the reason that these allegations are untrue.

30.     In January 2017, the Younger Female Subordinate was hired for the permanent position of Family Court Clinical Director.

**ANSWER:**

In answer to Paragraph 30, Defendants admit that the candidate identified in paragraph 17 above was hired for the permanent position of Family Court Clinical Director/Superintendent, and further admit that she was hired to permanently fill this position effective December 20, 2016.

31.     During Mr. Oard's employment with the County and during the above hiring process, Eric Stevens was the Family Court Administrator for the Circuit Court.

**ANSWER:**

In answer to Paragraph 31, Defendants state that Eric Stevens was the Circuit Court Administrator, which included the Family Court Division, during the time that Plaintiff held the position of Youth Service Director and during the hiring process for the new position of Family Court Clinical Director/Superintendent.

32.     The new position of Family Court Clinical Director reported directly to the Family Court Administrator, Mr. Stevens.

**ANSWER:**

In answer to Paragraph 32, Defendants admit that the new position reported to the Circuit Court Administrator, Mr. Stevens.

33.     In 2015, Mr. Stevens called Mr. Oard and suggested he hire the Younger Female Subordinate for the then-position of Program Coordinator with the JTC.

**ANSWER:**

In answer to Paragraph 33, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

34.    Mr. Stevens was directly and intimately involved with the reorganization of the JTC under the auspices of the Family Division of the Circuit Court and in creating the position of Family Court Clinical Director, which reported to him.

**ANSWER:**

In answer to Paragraph 34, Defendant 14th Judicial Circuit Court denies these allegations for the reason that, as so generally stated, they are untrue. Defendant Circuit Court admits that the new position reported to Mr. Stevens, Circuit Curt Administrator. Defendant 14th Judicial Circuit Court admits that Mr. Stevens was involved in the organization of the JTC when it was operating as a court licensed facility, as was Judge Pittman and others. Defendant County of Muskegon neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief and leaves Plaintiff to his proofs.

35.    Upon information and belief, Mr. Stevens advocated strongly for the hiring of the Younger Female Subordinate and directly influenced the hiring committee's decision to hire her as the Family Court Clinical Director instead of Mr. Oard.

**ANSWER:**

In answer to Paragraph 35, Defendant 14th Judicial Circuit Court denies for the reason that these allegations are untrue. Defendant Count of Muskegon neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief and leaves Plaintiff to his proofs.

36.     During the times relevant to this Complaint, upon information and belief, Mr. Stevens had an ongoing sexual relationship with the Younger Female Subordinate.

**ANSWER:**

In answer to Paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

37.     Upon information and belief, Mr. Stevens previously had sexual relationships with at least two other younger female County employees.

**ANSWER:**

In answer to Paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.

38.     During the times relevant to this Complaint, Mr. Stevens demonstrated a preference for hiring young women, i.e., women under 40 years of age.

**ANSWER:**

In answer to Paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leave Plaintiff to his proofs.  In further answer to Paragraph 38, Defendant 14th Judicial Circuit Court affirmatively states that Mr. Stevens was not involved in the hiring decision to fill the position of Family Court Clinical Director/Superintendent.

39.     In April 2017, following a County internal investigation of Mr. Stevens and his supervisory and hiring practices, he resigned from his position as Family Court Administrator.

**ANSWER:**

In answer to Paragraph 39, Defendant 14th Judicial Circuit Court admits that Mr. Stevens

resigned his position as Family Court Administrator on or about April of 2017. Defendants deny a "County internal investigation of Mr. Stevens and his supervisory and hiring practices" for the reason that this allegation is untrue.

40. Upon information and belief, a Judge of the 14th Judicial Circuit Court asked Mr. Stevens to resign his position after the County's internal investigation.

**ANSWER:**

In answer to Paragraph 40, Defendant 14th Judicial Circuit Court denies the allegations as untrue. Defendant County of Muskegon neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief and thereby leaves Plaintiff to his proofs.

41. Upon information and belief, the Circuit Court learned of Mr. Stevens' inappropriate sexual relationships with female County subordinates and confirmed the sexual relationship between Mr. Stevens and the Younger Female Subordinate through either text or email messages discovered on a County phone.

**ANSWER:**

In answer to Paragraph 41, Defendant 14th Judicial Circuit Court denies the allegations as untrue. Defendant County of Muskegon neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief and leaves Plaintiff to his proofs.

42. The Younger Female Subordinate resigned from the position as Family Court Clinical Director approximately 2 weeks after Mr. Stevens resigned, and after less than 5 months in the position.

**ANSWER:**

In answer to Paragraph 42, Defendants state that Mr. Stevens separated his

employment on 4/14/17 and that the Family Court Clinical Director/Superintendent began her employment in that position on 12/20/16 and separated her employment on 5/31/17. Defendants deny any remaining allegations as untrue.

43.     By the time the County and/or the Circuit Court re-posted the Family Court Clinical Director position, Mr. Oard had found and begun alternate employment, and he was not able to re-apply for the position at that time.

**ANSWER:**

In answer to Paragraph 43, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

44.     Upon information and belief, Mr. Stevens advocated for the hiring of the Younger Female Subordinate over Mr. Oard based at least in part because of his sexual relationship with her.

**ANSWER:**

In answer to Paragraph 44, Defendant 14th Judicial Circuit Court denies that Mr. Stevens advocated for the hiring of Ms. Nelson for the reason that the same is untrue and neither admit nor deny the allegations of a sexual relationship between Mr. Stevens and Ms. Nelson for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs. Defendant County of Muskegon neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief and leaves Plaintiff to his proofs.

45.     Upon information and belief, Mr. Stevens influenced the County's decision to layoff Mr. Oard instead of Younger Female Subordinate or other staff members, based at least in part because of his sexual relationship with Younger Female Subordinate. This was because

of Mr. Stevens' desire that Younger Female Subordinate be appointed to the interim, reconfigured position of Family Court Clinical Director.

**ANSWER:**

In answer to Paragraph 45, Defendant County denies the allegations for the reason that they are untrue. Defendant 14th Judicial Circuit Court neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief as to the allegations and leaves Plaintiff to his proofs.

46.     Upon information and belief, Mr. Stevens influenced members of the County's hiring committee in favor of hiring Younger Female Subordinate and against hiring Mr. Oard for the permanent reconfigured position of Family Court Clinical Director which subsumed Mr. Oard's old duties.   As such, the County's and/or the Circuit Court's decision to hire Younger Female Subordinate over Mr. Oard for the permanent position was the product of Mr. Stevens' unlawful discrimination on the basis of sex and age.

**ANSWER:**

In answer to Paragraph 46, Defendants deny for the reason the allegations are untrue. Defendants affirmatively state the hiring committee was not the "County's" hiring committee, and that the hiring decision was not made by the County. Defendants further state that the position for which Mr. Oard applied was not a "reconfigured" position. Defendant 14th Judicial Circuit Court states that the hiring decision was made for legitimate and non- discriminatory reasons.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## CAUSE OF ACTION

47.     The County violated 42 U.S.C. § 2000e–2 when it laid off Mr. Oard as aforesaid.

**ANSWER:**

In answer to Paragraph 47, Defendants deny for the reason the allegations are untrue.

48.     The County and the Circuit Court violated 42 U.S.C. § 2000e–2 when it appointed Younger Female Subordinate rather than Mr. Oard to the interim position of Family Court Clinical Director as aforesaid.

**ANSWER:**

In answer to Paragraph 48, Defendants deny for the reason the allegations are untrue.

49.     The County and the Circuit Court violated 42 U.S.C. § 2000e–2 when it hired Younger Female Subordinate rather than Mr. Oard for the permanent position of Family Court Clinical Director as aforesaid.

**ANSWER:**

In answer to Paragraph 49, Defendants deny for the reason the allegations are untrue.

50.     Mr. Oard has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

**ANSWER:**

In answer to Paragraph 50, Defendants deny for the reason the allegations are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

**STATUTORY PREREQUISITES**

51.     On or about June 8, 2017, pursuant to 42 U.S.C. § 2000e–5(e), Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

**ANSWER:**

In answer to Paragraph 51, Defendants admit this allegation.

52.     EEOC advised Plaintiff by letter dated September 27, 2017, a copy of which is attached hereto as Exhibit 1, that he was entitled to institute a civil action in the United States District Court within 90 days of receipt of said letter, in accordance with 42 U.S.C. § 2000e–5(f)(1).  Plaintiff received said letter on September 30, 2017.

**ANSWER:**

In answer to Paragraph 52, Defendants admit that Plaintiff received a right to sue letter, and that it is attached to Plaintiff's Complaint as Exhibit 1.  Defendants neither admit nor deny all remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

**COUNT II - VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 – FACTUAL ALLEGATIONS**

53.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

**ANSWER:**

In answer to Paragraph 53, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 - 52 above, as though full set forth herein.

54.     The County's layoff of Mr. Oard constitutes unlawful discrimination on the basis of Plaintiff's age.

**ANSWER:**

In answer to Paragraph 54, Defendants deny the allegations contained therein for the reason that they are untrue.

55.     The County's and the Circuit Court's appointment of Younger Female Subordinate for the interim position of Family Court Clinical Director instead of Mr. Oard constitutes unlawful discrimination on the basis of Plaintiff's age.

**ANSWER:**

In answer to Paragraph 55, Defendants deny the allegations contained therein for the reason that they are untrue.

56.     The County's and the Circuit Court's hiring of Younger Female Subordinate for the permanent position of Family Court Clinical Director over Mr. Oard at Mr. Stevens' direction and/or because of his influence constitutes unlawful discrimination on the basis of Plaintiff's age.

**ANSWER:**

In answer to Paragraph 56, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## CAUSE OF ACTION

57.     The County violated 29 U.S.C. § 621 et seq. when it committed the acts of discrimination on the basis of age as aforesaid.

**ANSWER:**

In answer to Paragraph 57, Defendants deny the allegations contained therein for the reason that they are untrue.

58.     Plaintiff has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

**ANSWER:**

In answer to Paragraph 58, Defendants deny the allegations contained therein for the reason that they are untrue.

59.     All statutory prerequisites for this claim have been met as alleged in preceding paragraphs.

**ANSWER:**

In answer to Paragraph 59, Defendants neither admit the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to his proofs.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT III – VIOLATION OF ELCRA – SEX DISCRIMINATION

60.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

**ANSWER:**

In answer to Paragraph 60, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 - 59 above, as though full set forth herein.

61.     The County's and the Circuit Court's actions related to the layoff of Mr. Oard, and the interim and then permanent hiring of Younger Female Subordinate for the Family Court Clinical Director position at Mr. Stevens' direction, constitute unlawful discrimination on the basis of Plaintiff's sex.

**ANSWER:**

In answer to Paragraph 61, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## CAUSE OF ACTION

62.     The County and the Circuit Court violated the ELCRA, Mich. Comp. Laws § 37.2101, et seq. when it committed the acts of discrimination on the basis of sex as aforesaid.

**ANSWER:**

In answer to Paragraph 62, Defendants deny the allegations contained therein for the reason that they are untrue.

63.     Plaintiff has suffered irreparable harm, in that he has been unlawfully discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

**ANSWER:**

In answer to Paragraph 63, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the

necessity of defense.

## **COUNT IV – VIOLATION OF ELCRA – AGE DISCRIMINATION**

64.      Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

**ANSWER:**

In answer to Paragraph 64, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 - 63 above, as though full set forth herein.

65.      The County's and the Circuit Court's actions related to the layoff of Mr. Oard, and the interim and then permanent hiring of Younger Female Subordinate for the Family Court Clinical Director position at Mr. Stevens' direction, constitute unlawful discrimination on the basis of Plaintiff's age.

**ANSWER:**

In answer to Paragraph 65, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## **CAUSE OF ACTION**

66.      The County and the Circuit Court violated the ELCRA, Mich. Comp. Laws § 37.2101, et seq. when it committed the acts of discrimination on the basis of age as aforesaid.

**ANSWER:**

In answer to Paragraph 66, Defendants deny the allegations contained therein for the reason that they are untrue.

67.      Plaintiff has suffered irreparable harm, in that he has been unlawfully

discriminated against as aforesaid, and will continue to suffer such harm unless the relief requested herein is granted.

**ANSWER:**

In answer to Paragraph 67, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/Laura Amtsbuechler
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lamtsbuechler@jrsjlaw.com
(P36972)

Dated:  2/22/18

**AFFIRMATIVE DEFENSES**

Defendants, through their attorneys, Johnson, Rosati, Schultz & Joppich, P.C., and for their Affirmative Defenses state as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

3.      Plaintiff has failed to mitigate his damages.

4.      Plaintiff's damage claims are barred in whole, or in part, by the After-Acquired

Evidence Doctrine.

5.     Plaintiff was not treated differently than other similarly situated applicants under the same or similar circumstances.

6.     Plaintiff's federal statutory claims against the 14th Judicial Circuit Court are barred in whole, or in part, by 11th Amendment immunity.

7.     Plaintiff's claims are barred by the doctrines of laches and unclean hands.

8.     All employment decisions taken regarding Plaintiff were taken for legitimate, and non-discriminatory reasons.  These actions would have been taken regardless of Plaintiff's age or gender.

Defendants reserve the right to amend their Affirmative Defenses through trial.

                                        Respectfully submitted,

                                        JOHNSON, ROSATI,
                                        SCHULTZ & JOPPICH, P.C.

                                        s/Laura Amtsbuechler
                                        Attorney for Defendants
                                        27555 Executive Drive, Ste. 250
                                        Farmington Hills, MI 48331-3554
                                        (248) 489-4100
                                        lamtsbuechler@jrsjlaw.com
                                        (P36972)

Dated:   2/22/18

## RELIANCE UPON JURY DEMAND

Defendants, through their attorneys, Johnson, Rosati, Schultz & Joppich, P.C. hereby rely upon Plaintiff's demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/Laura Amtsbuechler
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lamtsbuechler@jrsjlaw.com
(P36972)

Dated:   2/22/18

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on 2/22/18.

BY:   ☐ U.S. Mail                  ☐ Telefacsimile
       ☐ Hand Delivered            ☐ Overnight
          courier
       ☐ Federal Express       ☒ Other: **E-file**

Signature:

s/ Lori A. Gazdag