UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VERNON OARD,

    Plaintiff,

v.                                                    Case No. 1:17-cv-1136

                                                        Hon. Paul L. Maloney

COUNTY OF MUSKEGON, and
14th JUDICIAL CIRCUIT COURT,

    Defendants.
_____

| | |
|---|---|
| Sarah Riley Howard | Laura S. Amtsbuechler |
| Erin L. Dornbos | Laura Bailey Brown |
| Pinsky, Smith, Fayette & Kennedy, LLP | Johnson, Rosati, Schultz & Joppich, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 805 McKay Tower | 27555 Executive Dr. |
| 146 Monroe Center Street NW | Suite 250 |
| Grand Rapids, MI 49503 | Farmington Hills, MI  48331 |
| (616) 451-8496 | (248) 489-4100 |
| showard@psfklaw.com | lamtsbuechler@jrsjlaw.com |
| edornbos@psfklaw.com | lbrown@jrsjlaw.com |

**JOINT STATUS REPORT**

      A Rule 16 Scheduling Conference is scheduled for **April 16, 2018 at 10:00 a.m.** before Honorable Paul L. Maloney by telephone.  Appearing as counsel for Plaintiff will be Sarah Riley Howard*,* Pinsky, Smith, Fayette & Kennedy, LLP, 805 McKay Tower, Grand Rapids, MI 49503, and for Defendants, Laura S. Amtsbuechler and Laura Brown, Center, Johnson, Rosati, Schultz & Joppich, P.C., 27555 Executive

Dr., Suite 250, Farmington Hills, Michigan.

1.      **Jurisdiction**. Jurisdiction is based upon 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

2.      **Jury or Non-Jury.** This case is to be tried before a jury.

3.      **Judicial Availability**. The parties do not agree to have a United States Magistrate Judge conduct all further proceedings in this case, including trial, and to order the entry of final judgment.

4.      **Statement of the Case**.

(a)     **Plaintiff's statement**:

Plaintiff is a 57-year-old limited licensed psychologist, who was employed by Defendant, the County of Muskegon ("County") as the Youth Services Director of the Juvenile Transition Center from 2012 until the County laid him off in 2016. The County has acknowledged there were no issues with Plaintiff's performance.

The County reorganized the JTC as part of the efforts to transition it to a licensed Circuit Court-operated facility rather than a County-licensed facility. Shortly after Plaintiff was laid off, the County posted the new position of the Family Court Clinical Director, and placed Plaintiff's former subordinate in the interim position. Plaintiff and his former subordinate, a younger female, applied for the permanent job, which went to his former subordinate despite Plaintiff's better qualifications. Upon information and belief, Plaintiff's former subordinate was having an extramarital affair with the Family Court Administrator, who directly

influenced his paramour's receipt of both the interim and the permanent Clinical Director positions over Plaintiff. Defendants' lay-off of Plaintiff, and selection of the other candidate to receive the new job over Plaintiff on both an interim and permanent basis, were the result of unlawful sex and age discrimination.

(b) **Defendant's Statement:**

Juvenile Detention centers are licensed by the State either as a County operated child caring institution, or as a Court operated facility. Muskegon County JTC was operated by the County until September 27, 2016, when the County Board passed a resolution changing it to a Court operated facility. The Muskegon County JTC performs functions related to children and youth under the jurisdiction of the Family Court. The changes resulted in significant cost savings and a better ability to serve the public.

At the time of the transfer and change to a licensed Court operated facility, Plaintiff's position of Youth Services Director was eliminated by the County. The position held by the younger female employee was also eliminated. The Court operated JTC was organized with a position which was the Family Court Clinical Director/Superintendent. The new position had different duties and pay than those of Plaintiff's previous position. Plaintiff and the younger female both applied for the new job with the Court.

Muskegon County was not involved in the decisions regarding creation of the new position, or filling the position. The process used by the Court involved two

Page | 3

rounds of panel interviews. The first interview panel included a Family Court Judge, the Deputy Circuit Court Administrator, the Director of the school at the JTC, a probation officer, a representative of MDHHS, a staff member from the JTC and a supervisor from probation. The second interview panel included the Presiding Judge of the Family Court, the Deputy Court administrator, the Director of Health West, and a Director from MDHHS. Eric Steven was not involved in the hiring decision.

The "younger female" who had been selected for the new position resigned the Family Court Clinical Director/Superintendent position effective May 31, 2017. The position was reposted, and Plaintiff did not again apply.

The Court transferred the JTC and eliminated the positions associated with it for legitimate and non-discriminatory reasons. The Court reorganized and filled the JTC positions when it began operation of the JTC as a Court facility. The Court did not discriminate against Mr. Oard.

5. **Prospects of Settlement**: The status of settlement negotiations is: Offers were exchanged pre-litigation, but no settlement was reached.

6. **Pendent State Claims**: This case includes a pendent state claim.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **May 1, 2018**.

8. **Disclosures and Exchanges**:

(a) Fed.R. Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court orders otherwise. Fed.R.Civ.P. 26(a)(1) disclosures shall be made by **May 15, 2018.**

**Plaintiff will file expert reports, if any, by November 1, 2018.**

**Defendants will file expert reports, if any, by December 3, 2018.**

(b) The parties may use experts regarding economic damages in this matter.

(c) The parties have agreed to exchange documents through formal discovery.

9. **Discovery**: The parties believe that all discovery proceedings can be completed by **December 31, 2018**.

The parties recommend the following discovery plan: Interrogatories will be limited to 25 per side. Requests for Admissions will be limited 25 per side. Depositions shall be limited to 10 per side. Individual depositions will be limited to no more than 7 hours each in duration. If any party desires to impose additional limits or desires relief from these limits, the party will contact the Court with an appropriate request to modify this order.

At this time, the parties do not believe that this case has any special characteristics that warrant extended discovery, accelerated disposition, etc.

10. **Disclosure or Discovery of Electronically Stored Information**: The parties will continue to confer in a good faith effort to agree upon the most

appropriate way to produce electronically-stored information.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:** Any documents subject the attorney/client privilege and/or work-product doctrine that are disclosed to the opposing party shall be immediately returned to the disclosing party, with or without a request from the disclosing party. Any such disclosure shall not constitute a waiver. If either party attempts to use a document which the other party believes to be privileged, the party claiming privilege or work product immunity shall notify the opposing party that it is invoking the privilege, and/or the work product immunity doctrine and the documents shall be immediately returned to the disclosing party.

12. **Motions:** The parties anticipate that all dispositive motions will be filed by **30 days after close of discovery**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive motions unless accompanied by a certificate that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. All nondispositive motions shall be accompanied by a separately filed certificate.

13. **Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method of alternative dispute resolution: Early settlement conference with a Magistrate Judge by **October 1, 2018**.

Page | 6

14. **Length of Trial**: Counsel estimates that the trial will take approximately *five (5) days* total, allocated as follows: Two (2) days for Plaintiff's case, three (3) days for Defendant's case.

15. **Electronic Document Filing System**: Counsel understands that W.D. Mich L. Civ. R. 5.7(a) requires that attorneys file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a document is not eligible for electronic filing under the rule.  The parties acknowledge that the Court expects all counsel to abide by the requirements of this rule.

16. **Other**: N/A.

                              PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                              Attorneys for the Plaintiff

Dated:  March 29, 2018      By: /s/ Sarah Riley Howard
                                    Sarah Riley Howard
                                    Erin L. Dornbos
                                    146 Monroe Center NW, Suite 805
                                    Grand Rapids, MI 49503
                                    (616) 451-8496

                              JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.
                              Attorneys for the Defendants

Dated: March 29, 2018       By:   /s/ Laura S. Amtsbuechler (by SRH w/perm.)
                                    Laura S. Amtsbuechler
                                    Laura Bailey Brown
                                    Johnson, Rosati, Schultz & Joppich, P.C.
                                    27555 Executive Dr., Ste. 250
                                    Farmington Hills, MI 48331
                                    (248) 489-4100