UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

                Plaintiff,

v                                    Case No. 1:17-CV-1136
                                    Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

                Defendants.

_____

| | |
|---|---|
| PINSKY, SMITH, FAYETTE<br>  & KENNEDY, LLP<br>By:  Sarah Riley Howard (P58531)<br>     Erin Dornbos (P80834)<br>Attorneys for Plaintiff<br>146 Monroe Center Street, NW<br>Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496<br>showard@psfklaw.com<br>edornbos@psfklaw.com | JOHNSON, ROSATI,<br>SCHULTZ & JOPPICH, P.C.<br>By:  Laura S. Amtsbuechler (P36972)<br>     Laura Bailey Brown (P79742)<br>Attorneys for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI  48331<br>(248) 489-4100/Fax:  (248) 489-1726<br>lamtsbuechler@jrsjlaw.com<br>lbrown@jrsjlaw.com |

_____

**STIPULATED PROTECTIVE ORDER**

      This matter comes before the Court upon the parties' stipulation as to the entry of a protective order regarding the disclosure, dissemination, and use of certain confidential materials.  Now, therefore, having been fully advised in the premises;

      IT IS HEREBY ORDERED THAT:

1.     "Confidential Information" as used in this Protective Order shall mean Plaintiff's medical, counseling, and therapy records.

2.     This Stipulated Protective Order ("Protective Order") shall govern the use and disclosure of all Confidential Information produced by or on behalf of Plaintiff in any court appearance, deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action, but it does not relate to the use of Confidential Information at trial.

3.     Defendant, by stipulating to this Protective Order, does not concede that any document, material, or information designated by Plaintiff as "Confidential" is in fact Confidential Information, and Defendant expressly disagrees that any documents, information or material produced by Plaintiff should be held in confidence and reserves the right to challenge the such designation(s).

4.     Plaintiff may designate as "Confidential" any documents or other materials or information which it and its counsel believe in good faith contain, or reflect, Confidential Information.  The designation of documents or other materials as "Confidential" shall be made by written notice or by stamping or marking them "Confidential."  Documents so designated or marked and all Confidential Information derived therefrom shall be treated in accordance with the terms of this

2

Protective Order.  If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may request that the testimony, and relevant portions of the transcript thereof, be treated as "Confidential," within thirty (30) days of receipt of the final transcript.  Inadvertent failure to designate a document or material as "Confidential" may be corrected by supplemental written notice as soon as is practicable.

5.     In the event Defendant disagrees with Plaintiff's designation of any documents or information as "Confidential," the parties shall first try to resolve any dispute extra-judicially and in good faith.  At a minimum, Defendant shall give Plaintiff written notice of its disagreement, and Plaintiff shall respond in writing and substantiate the basis for such designation(s). If the parties cannot resolve the dispute, Defendant may file a motion challenging Plaintiff's designation of Confidential Information, and Plaintiff shall bear the burden of establishing that the document in question is or contains Confidential Information and is properly designated as "Confidential."  However, until such a time as the Court rules and resolves the dispute, the designated Confidential Information shall continue to be subject to this Protective Order.

6.     Confidential Information shall not be used by any of the parties in this action or by any other party or entity who receives or is given access thereto as authorized under this Protective Order, except solely for the purpose of prosecuting

or defending claims in this action, including any appeals, and/or for settlement purposes. Confidential Information shall not be used for any business, competitive, commercial or any other purpose whatsoever.

    7.    Documents and materials designated "Confidential" shall be maintained in confidence pursuant to this Protective Order and shall not be disclosed, disseminated, or revealed to anyone except:

    a.    As required by law or Court Order;

    b.    As agreed upon in writing by the parties;

    c.    Plaintiff and the following representatives of Defendants, to whom disclosure is required for the prosecution or defense of this action and/or evaluation or settlement purposes: Mark Eisenbarth and Kristen Wade;

    d.    Representatives of the Michigan Municipal Risk Management Authority;

    e.    Attorneys of record, their associated attorneys, paralegals, administrative staff;

    f.    Consulting experts or testifying expert witnesses (as provided for in Fed. R. Civ. P. 26(b)), their associates, assistants, and other personnel employed directly by the experts who agree to be bound by the terms of this Protective Order, provided that it

4

is necessary to disclose the Confidential Information to them for purposes of this action;

g.     The Court in this action, or any other Court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction services;

h.     Witnesses (and/or their counsel) during the course of trials, hearings and depositions (or in preparation therefore) in this action, but only if they agree to be bound by the terms of this Protective Order.

8.    Confidential Information shall remain in the custody of the persons or entities so authorized to receive them and shall not be provided to other persons or entities except as provided for in this Protective Order.

9.    With each disclosure and dissemination of Confidential Information authorized to receive same pursuant to this Protective Order, the distributing party agrees to attach a copy of this Protective Order and advise the recipient of this Protective Order and its restrictions on disclosure, dissemination, and use of Confidential Information.

10.    Unless otherwise ordered by the Court or agreed to by the parties (such as agreed upon redactions), if Defendant seeks to use or file any documents

and deposition transcripts containing or reflecting Confidential Information with the Court, Defendant shall notify Plaintiff and afford it no less than three (3) business days to file a joint motion complying with LR 5.3(b) for leave to seal pursuant to LR 5.3 and applicable law.  Although filed jointly, Plaintiff, as the designating party, is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the joint motion.  Defendant shall not oppose the joint motion but shall have no further obligations under this Protective Order, and Defendant does not waive any rights to challenge Plaintiff's designation of any documents or materials as "Confidential."  If the joint motion is granted, the Confidential Information shall be filed according to the requirements of LR 5.3(b), and any filings shall comply with LR 5.3(b).

11.    Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through such use. All such Confidential Information filed under seal shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto.

12.    In the event the parties are unable to reach an agreement regarding the

use of any Confidential Information or sealed documents at trial, the matter shall be submitted to the Court.

13.     The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Information as evidence at trial, or during an evidentiary hearing in this action, provided that any party may seek an appropriate Court Order relating to the use of Confidential Information. Any document, exhibit, or transcript designated Confidential under this Protective Order, and that is otherwise admissible, may be used at trial, subject to the terms hereof, or as otherwise ordered by the Court.

14.     In the event any party in possession of Confidential Information receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise, for the production or disclosure of any Confidential Information, that party shall immediately provide written notice to all attorneys of record, and shall not interfere with any action another party may elect to take to protect the Confidential Information.  Upon receipt of the written notice of a subpoena or request for disclosure of Confidential Information from a party in possession, the burden of responding or opposing the request rests with the designating party.

15.     Nothing contained in this Protective Order shall prejudice in any way the right of any party to seek, by way of consent of the parties or by application to

the Court, (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Protective Order.

16.     Documents or information produced by any party prior to the entry of this Protective Order by the Court, and subsequently designated as Confidential Information by any party within thirty (30) days of the entry of this Protective Order, will be subject to the provisions of this Protective Order to the same extent as if the Protective Order had been entered by the Court as of the date the documents or information were produced.

17.     The restrictions set forth in this Protective Order shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Protective Order.

Date:  September 4, 2018

/s/ Paul L. Maloney
Honorable Paul L. Maloney
U.S. District Court Judge

Approved as to Form:

/s/ Erin Dornbos (with consent)
Attorney for Plaintiff

/s/Laura Bailey Brown
Attorney for Defendants