UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

        Plaintiff,

                                                  Case No. 1:17-CV-1136
                                                  Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

        Defendants.

---

| Sarah Riley Howard | Laura S. Amtsbuechler |
|---|---|
| Erin L. Dornbos | Laura Bailey Brown |
| Attorneys for Plaintiff | Attorneys for Defendants |
| PINSKY, SMITH, FAYETTE & KENNEDY LLP | JOHNSON ROSATI SCHULTZ & JOPPICH, PC |
| 146 Monroe Center St., NW | 27555 Executive Dr., Suite 250 |
| Suite 805 | Farmington Hills, MI 48331 |
| Grand Rapids, MI 49503-2818 | (248) 489-4100 |
| (616) 451-8496 | |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL

Plaintiff Vernon Oard asks this Court for an order compelling Defendants to produce documents responsive to his Requests to Produce 7, 9, and 20 and/or to amend their answers to provide complete or revised responses. Plaintiff also asks that Defendants be required to produce an appropriately-detailed privilege log. Defendants have failed to disclose information regarding the investigation into their employees' romantic relationships and the impact of those relationships on hiring practices. These issues are centrally relevant to Mr. Oard's claims, and no assertion

of proportionality or confidentiality justifies withholding this information. Accordingly, Mr. Oard respectfully requests the Court grant his Motion.

## BACKGROUND

Mr. Oard filed his Complaint on December 27, 2017, claiming Defendants discriminated against him because of his age and sex in violation of both federal and state law. (Complaint, PageID.1-14.) Defendant Muskegon County laid off Mr. Oard from his position as the Youth Services Director in September 2016. As part of a long-term plan led by then-Family Court Administrator, Eric Stevens, Mr. Oard's position of Youth Services Director was "reconfigured" to become the Family Court Clinical Director employed by Defendant 14th Judicial Circuit Court, though the duties remained primarily the same. Mr. Stevens placed Lindsay Nelson, who had previously served as the Program Manager under the supervision of Mr. Oard, in the position of Interim Family Court Clinical Director, while Mr. Oard was laid off. Both Mr. Oard and Ms. Nelson applied and interviewed for the permanent position of Family Court Clinical Director.  Ms. Nelson was selected for the permanent position, with Mr. Stevens serving as her supervisor.

Plaintiff alleged in his Complaint that, upon information and belief, Mr. Stevens and Ms. Nelson had an ongoing romantic relationship, and Mr. Stevens actively advocated for Ms. Nelson to be placed in the interim and permanent positions of Family Court Clinical Director. Further, Mr. Oard alleged that throughout the reorganization of the position, Mr. Stevens influenced the process so that Ms. Nelson would be chosen in the interim and then ultimately selected for the permanent position. Mr. Stevens' romantic relationship with Ms. Nelson prejudiced

both the design of and the selection process for the interim position and the reconfigured permanent job.

Mr. Stevens and Ms. Nelson both abruptly resigned from their employment with Defendants in April 2017. Shortly before this, Defendants conducted an investigation into Mr. Stevens' conduct and hiring practices led by then-attorney for Defendants, Susan Franklin. Ms. Franklin called Mr. Oard and told him directly that she was investigating complaints of Mr. Stevens' "unfair" hiring practices favoring female employees in whom Mr. Stevens had a "personal" interest. Ms. Franklin asked for information that Mr. Oard had, which he provided.

Mr. Oard served his interrogatories and requests for production on June 25, 2018. (Ex. A, B.) Defendants responded with initial answers on July 31, 2018 (Exs. C, D) and supplemental answers on August 24, 2018. (Exs. E, F.) Among other requests, Mr. Oard sought documents related to the relationship between Mr. Stevens and Ms. Nelson and related to investigations regarding that relationship and/or Mr. Stevens' hiring practices. Defendants' responses to these requests contained multiple objections, including claims that the responsive documents are "private" and "confidential" and "not proportional to the needs of the case," and a refusal to produce any documents in response to some Requests. (Ex. F.)

Plaintiff's counsel exchanged multiple emails with defense counsel to try to resolve this discovery dispute. Defendants' supplemental responses still did not fully respond to Mr. Oard's requests, including continued refusal to provide any responsive documents to Nos. 9 and 20 and provision of only limited responsive documents to No. 7. (Ex. F, 7-8, 12.) Defendants also objected to requests based on

attorney-client and/or work product privilege, but they have not provided a detailed privilege log outlining what types and how many documents have been withheld, the senders and recipients of those documents, and the base(s) of the claimed privilege. (*Id.*) Defense counsel also maintained that Defendants withheld only <u>one</u> document based on attorney-client or work product privilege.

Following further discussion, defense counsel indicated that there were no documents responsive to the requests to which they had objected and that Defendants would be filing a third set of revised answers to reflect this. Defendants have not, however, produced revised answers, additional documents, or a sufficiently detailed log. Depositions are scheduled to begin on September 11, 2018. Plaintiff asked for documents or a revised response by September 4, 2018, but Defendants have not produced either.

## ARGUMENT

Defendants should be compelled to produce complete responsive documents to Requests for Production Nos. 7, 9, and 20 (Ex. B), revised answers, and a complete and detailed privilege log for any materials they withhold under a claim of privilege. The requested documents are directly relevant to Mr. Oard's discrimination claims. Further, without revised answers and a comprehensive privilege log, Mr. Oard cannot adequately evaluate the legitimacy of Defendants' privilege claims.

In accordance with Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26 is

to be liberally construed to permit broad discovery. See *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 492 (6th Cir. 1998). See also *State Farm Mutual Automobile Ins. Co. v. Warren Chiropractic & Rehab. Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. May 11, 2016) ("Rule 26 was amended in 2015 to include the 'proportionality' requirement. However, the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery.")

Here, documents and communications related to the romantic relationship between Mr. Stevens and Ms. Nelson, any investigation into that relationship and/or the hiring practices of Mr. Stevens, the abrupt resignations of Mr. Stevens and Ms. Nelson, and other responsive information supporting or refuting that Mr. Stevens engaged in relationships with other employees he supervised are directly relevant to Plaintiff's claim of discrimination, and no allegation of proportionality or confidentiality support withholding responsive information.

A.    Request 7

Request 7 asked for "all communications and documents relating in any way to any investigation by Defendants regarding Mr. Eric Stevens." (Ex. B.) Defendants produced some very limited responsive documents, but provided nothing that directly discussed the investigation itself, nor any of the evidence which was presumably evaluated as part of that investigation. Moreover, Defendants produced the documents that they did without waiving their stated objections. (Ex. F at 7.) They also claimed that attorney-client and/or work product privilege "may" apply to some withheld documents. (*Id.*) Later, via email, defense counsel stated that there were no more responsive documents and that there were

no documents withheld based on privilege. They have not, however, supplemented their answers to reflect this position.

Plaintiff knows that an investigation into Mr. Stevens' conduct was done and that Mr. Stevens and Ms. Nelson resigned shortly after its completion. According to at least one witness, the investigation included a review of relevant text messages and/or emails to/from Mr. Stevens. Because thus far only very few and peripheral documents responsive to Request 7 have been produced, Plaintiff has reason to believe there are additional documents related to the investigation that Defendants are withholding. Privilege was initially cited, but it is unclear what documents Defendants are withholding and on what grounds. Defendants produced a "Privilege Log," but listed only one page as being withheld due to attorney-client and/or work product privilege and provided no further details regarding the withheld document. (Ex. G.)

Later, Defendants claimed there were no additional documents, but they still have not supplemented their answers to reflect this position. Further, it does not make sense that there would be no documents – no emails, no text messages, no interview notes, etc. – that were reviewed or created as part of the investigation when a witness told counsel for Plaintiff that Mr. Stevens' communications were reviewed as part of the investigation. It also does not make sense that an internal investigation of this nature would not involve some type of review of communications of Mr. Stevens and his supervisees.

The investigation into Mr. Stevens' alleged romantic relationship with the co-worker who was chosen for the interim and permanent positions that Mr. Stevens

supervised, and potentially other employee(s) with whom he had similar relationships, could not be more directly relevant to Mr. Oard's claim that his lay-off and lack of rehiring was unlawfully influenced by romantic preferences of Mr. Stevens. While Defendants claim there was no written investigation report generated and no other responsive documents, they have not supplemented their answers to reflect this position, and they have asserted privileges but failed to provide a complete privilege log.

If Defendants maintain that they are legitimately withholding documents pursuant to privilege, they should be compelled to produce a detailed privilege log that gives Plaintiff enough information with which to evaluate the claim of privilege. Remaining non-privileged documents related to the investigation of Mr. Stevens' conduct are centrally relevant to Mr. Oard's claims of discrimination, and Mr. Oard respectfully request that this Court compel their production and/or revised supplemental answers.

### B.      Request 9

Similar to Request 7, Plaintiff also requested "all communications and documents relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson." (Ex. B.) Defendants have refused to produce any documents in response to this request, claiming it is "overbroad, vague, and ambiguous" and that it "seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case." (Ex. F at 7-8.) Later, in response to Plaintiff's challenge to this position, defense counsel reported that there were no documents

responsive to this request, but Defendants have not yet revised their answers to reflect this position.

As discussed *supra*, any investigation into Ms. Nelson's conduct – the woman believed to have been in a relationship with the supervisor who unlawfully factored her age and sex into his hiring decisions – is directly relevant to Mr. Oard's claim of sex and age discrimination. Like Mr. Stevens, Ms. Nelson abruptly resigned from her job in April 2017, only four months after she began the job of Family Court Clinical Director. Regardless of how "private" the information may be, the fact of Ms. Nelson's and Mr. Stevens' relationship and how it impacted their work and Defendants' hiring decisions is of key relevance to Mr. Oard's claims. Mr. Oard has a right to discovery regarding it. Because the Request is at the heart of Mr. Oard's claims, this Court should compel Defendants to produce all documents responsive to Request 9, as well as a detailed privilege log which outlines what documents are withheld based on privilege, or to supplement their answers to reflect their current position that there are no responsive documents.

C. Request 20

Plaintiff also requested "all communications and documents which tend to support or refute a conclusion that Eric Stevens engaged in a sexual and/or otherwise romantic relationship with any employees or other agents of Defendants." (Ex. B.) Defendants objected to this Request, because it "seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case." (Ex. F at 12.) Defendants also objected because responsive documents "may

be protected by the attorney-client privilege or attorney work product doctrine." (*Id.*) Later, defense counsel indicated that Defendants would revise their answers to reflect that they have produced all responsive documents, but Defendants have not yet submitted revised answers.

For all of the reasons discussed *supra*, evidence related to Mr. Stevens' romantic relationships with Ms. Nelson or other female employees is directly relevant to Mr. Oard's claim that his age and sex was an unlawful factor in his lay-off and in Mr. Stevens' positioning of Ms. Nelson in the job of Family Court Clinical Director. Plaintiff is entitled to responsive documents and/or a revised answer from Defendants that they have no responsive documents, as well as an appropriately-detailed privilege log.

## CONCLUSION

Accordingly, Mr. Oard respectfully requests this Court grant his motion.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff Vernon Oard

Dated: September 5, 2018        By:    /s/ Sarah R. Howard
                                       Sarah Riley Howard
                                       Erin Dornbos
                                       Business Address and Telephone:
                                       146 Monroe Center St NW, Suite 805
                                       Grand Rapids, MI 49503
                                       (616) 451-8496
                                       showard@psfklaw.com
                                       edornbos@psfklaw.com