# Exhibit A

*Oard v. County of Muskegon and 14th Judicial Circuit Court*

1:17-CV-1136

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

        Plaintiff,

                                    Case No. 1:17-CV-1136
                                    Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

        Defendants.

---

| | |
|---|---|
| Sarah Riley Howard<br>Attorneys for Plaintiff<br>PINSKY, SMITH, FAYETTE & KENNEDY LLP<br>146 Monroe Center St., NW – Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496 | Laura S. Amtsbuechler<br>Attorneys for Defendants<br>SCHULTZ & JOPPICH, PC<br>27555 Executive Dr., Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100 |

---

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Plaintiff, Vernon Oard, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby requests that Defendants respond to his First Interrogatories pursuant to Federal Rules of Civil Procedure within 30 days of service.

### DEFINITIONS

Except as specifically noted, the following definitions shall apply to each of the following terms used herein:

    1.    "Document" or "documents" means every original and every

copy of any original which differs in any way from any original, of every writing or recording of any kind or description, whether handwritten, typed, drawn, sketched, printed, recorded, or fixed in any other medium by any physical, mechanical, electronic or electrical means, including, without limitation: email, text messages, voice mail, posts on social media accounts, books, records, papers, invoices, accounts, statements, checks, drafts, written memorials of oral communications, photographs, computer printouts, diagrams, prints, schematics, reports, communications, correspondence, memoranda, notes of conversations and minutes of meetings, telexes, telegrams, diaries, appointment calendars or appointment books, agreements, and contracts. Different versions of the same document with and without handwritten notation found in the original are different documents. "Communications" includes, but is not limited to, all messages on personal and/or business-owned accounts and devices, text messages, voicemail messages, email messages, Facebook messenger messages, Twitter private messaging, and all other social media or other platforms for private and/or public communications.

2. "Defendant," "you" and "your" means the 14th Judicial Circuit Court ("Defendant" or "Court") and County of Muskegon ("Defendant" or "County") and/or any of Defendants' employees, agents, agencies, attorneys, representatives, subsidiaries, accountants, and/or any other person, firm, corporation, or governmental body which may have obtained

information/documentation for Defendants on their behalf.

3. "Identity" or "Identify," when used with reference to a natural person, means to state with respect to such person:

    a. His/her name;
    b. His/her present residence, address and telephone number;
    c. The name and address of the person by whom he/she is employed or with whom he/she is affiliated;
    d. His/her title, duty or position at his/her place or places of employment/affiliation; and
    e. His/her past and present relationship to Defendants.

4. The word "any" shall include the collective as well as the singular and shall mean "each," "all," and "every," and these terms shall be interchangeable.

5. As used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. Words of one gender shall be deemed to include words of all genders, unless otherwise stated.

## INSTRUCTIONS

1. If an attorney/client or other privilege is claimed with respect to documents of which identification is sought, the substance of the documents need not be disclosed in Defendants' response, but the response must state the persons involved in such documents and oral communications; the date; and enough of the circumstances of the communications to explain and justify the claim of privilege.

2. In responding to these Interrogatories, Defendants are required to furnish such information as is available to it or which could be obtained from any of Defendants' employees, agents, representatives, attorneys, sureties, or indemnitors.

3. These Interrogatories are continuing so as to require Defendants to file supplementary answers if it obtains further or different information between the time of responding to the Interrogatories and the time of trial.

## INTERROGATORIES

1. Please identify all individuals with whom Mr. Mark Eisenbarth discussed Plaintiff's layoff from his position of Director of Youth Services, either before or after Plaintiff's employment was terminated.

**RESPONSE**:

2. Please identify all individuals who participated in the decision to lay off Plaintiff from his position of Director of Youth Services.

**RESPONSE**:

3. Please identify all individuals who participated in any meetings or discussions regarding the creation of the position Family Court Clinical Director and/or the elimination of the position of Director of Youth Services.

**RESPONSE:**

4. Please identify all individuals who participated in any meetings or discussions relating in any way to the hiring process for the position of interim and/or permanent Family Court Clinical Director.

**RESPONSE:**

5. Please identify all individuals who were members of, or who ever participated in, "JJAT" committee meetings.

**RESPONSE:**

6. Please identify all individuals who participated in, or were in any way consulted regarding, the choice of Ms. Lindsay Nelson to serve as Interim Family Court Clinical Director.

**RESPONSE:**

7. Please identify all individuals who participated in, or were in any way consulted regarding, the hiring of Ms. Lindsay Nelson for the permanent position of Family Court Clinical Director.

**RESPONSE:**

8. Please identify all individuals who participated in, or were in any way consulted regarding, any investigation into Mr. Eric Stevens's conduct or behavior while employed with Defendants.

**RESPONSE:**

9. Please identify all individuals who were members of the panel/group that conducted the first interviews for the position of Family Court Clinical Director in November and/or December 2016.

**RESPONSE:**

10. Please identify all individuals who were members of the panel/group that conducted the second interviews for the position of Family Court Clinical Director in November and/or December 2016.

**RESPONSE:**

11. Please identify all individuals who participated in searching for documents responsive to Plaintiff's First Request for Production of Documents, including all Information Technology (IT) personnel.

**RESPONSE:**

|  |  |
|---|---|
|  | PINSKY, SMITH, FAYETTE & KENNEDY LLP<br>Attorneys for Plaintiff |
| Dated: June 25, 2018 | By: /s/ *Sarah R. Howard* |
|  | Sarah Riley Howard<br>Business Address and Telephone:<br>146 Monroe Center Street NW<br>Grand Rapids, MI  49503<br>616-451-8496<br>showard@psfklaw.com |