# Exhibit B

*Oard v. County of Muskegon and 14th Judicial Circuit Court*

1:17-CV-1136

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

Plaintiff,

Case No. 1:17-CV-1136
Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

Defendants.

---

| | |
|---|---|
| Sarah Riley Howard | Laura S. Amtsbuechler |
| Attorneys for Plaintiff | Attorneys for Defendants |
| PINSKY, SMITH, FAYETTE & KENNEDY LLP | SCHULTZ & JOPPICH, PC |
| 146 Monroe Center St., NW – Suite 805 | 27555 Executive Dr., Suite 250 |
| Grand Rapids, MI 49503-2818 | Farmington Hills, MI 48331 |
| (616) 451-8496 | (248) 489-4100 |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Vernon Oard, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby requests that Defendants respond to his First Request for Production of Documents pursuant to Federal Rules of Civil Procedure within 30 days of service.

## DEFINITIONS

Except as specifically noted, the following definitions shall apply to each of the following terms used herein:

1.    "Document" or "documents" means every original and every copy of any original which differs in any way from any original, of every

writing or recording of any kind or description, whether handwritten, typed, drawn, sketched, printed, recorded, or fixed in any other medium by any physical, mechanical, electronic or electrical means, including, without limitation: email, text messages, voice mail, posts on social media accounts, books, records, papers, invoices, accounts, statements, checks, drafts, written memorials of oral communications, photographs, computer printouts, diagrams, prints, schematics, reports, communications, correspondence, memoranda, notes of conversations and minutes of meetings, telexes, telegrams, diaries, appointment calendars or appointment books, agreements, and contracts. Different versions of the same document with and without handwritten notation found in the original are different documents.  "Communications" includes, but is not limited to, all messages on personal and/or business-owned accounts and devices, text messages, voicemail messages, email messages, Facebook messenger messages, Twitter private messaging, and all other social media or other platforms for private and/or public communications.

2.     "Defendant," "you" and "your" means the 14th Judicial Circuit Court ("Defendant" or "Court") and the County of Muskegon ("Defendant" or "County") and/or any of Defendants' employees, agents, agencies, attorneys, representatives, subsidiaries, accountants, and/or any other person, firm, corporation, or governmental body which may have obtained information/documentation for Defendants on their behalf.

3.    "Identity" or "Identify," when used with reference to a natural person, means to state with respect to such person:

      a.   His/her name;
      b.   His/her present residence, address and telephone number;
      c.   The name and address of the person by whom he/she is employed or with whom he/she is affiliated;
      d.   His/her title, duty or position at his/her place or places of employment/affiliation; and
      e.   His/her past and present relationship to Defendants.

4.    The word "any" shall include the collective as well as the singular and shall mean "each," "all," and "every," and these terms shall be interchangeable.

5.    As used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. ·Words of one gender shall be deemed to include words of all genders, unless otherwise stated.

## INSTRUCTIONS

1.    If an attorney/client or other privilege is claimed with respect to documents of which identification is sought, the substance of the documents need not be disclosed in Defendants' response, but the response must state the persons involved in such documents and oral communications; the date; and enough of the circumstances of the communications to explain and justify the claim of privilege.

2.    In responding to the Request for Production of Documents,

Defendants are required to furnish such information as is available to it or which could be obtained from any of Defendants' employees, agents, representatives, attorneys, sureties, or indemnitors.

3.      This Request for Production of Documents is continuing so as to require Defendants to file supplementary answers if they obtain further or different information between the time of responding to the Request for Production of Documents and the time of trial.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce all communications and documents relating in any way to the elimination of the position of Youth Services Director and/or to the creation of the position of Family Court Clinical Director.

**RESPONSE:**

2.      Please produce all communications and documents relating in any way to the decision: (a) to transfer administrative authority over the Juvenile Transition Center ("JTC") to the Family Court; (b) to transition JTC to a licensed court-operated facility; and/or (c) to reconfigure the Youth Services Director position to become the Family Court Clinical Director as part of the transfer of authority over the JTC to the Family Court.

**RESPONSE:**

3.      Please produce all communications and documents relating in any way to the layoff of Plaintiff from his position as Youth Services Director.

**RESPONSE:**

4.      Please produce all communications and documents, including but not limited to e-mail messages, meeting minutes, and meeting notes, relating in any way to the "JJAT" committee.

**RESPONSE:**

5.      Please produce all communications and documents relating in any way to the selection of Ms. Lindsay Nelson for the position of Interim Family Court Clinical Director.

**RESPONSE:**

6.      Please produce all communications and documents relating in any way to the interview and hiring process for the interim and/or permanent position of Family Court Clinical Director.

**RESPONSE:**

7.      Please produce all communications and documents relating in any way to any investigation by Defendants regarding Mr. Eric Stevens.

**RESPONSE:**

8.      Please produce Mr. Eric Stevens' entire personnel file.

**RESPONSE:**

9.      Please produce all communications and documents relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson.

**RESPONSE:**

10.     Please produce Ms. Lindsay Nelson's entire personnel file.

**RESPONSE:**

11.     Please produce Ms. Kelly France's entire personnel file.

**RESPONSE:**

12.     Please produce copies of all communications and documents related in any way to complaints made by employees of Defendant to the Equal Employment Opportunity Commission ("EEOC") and/or the Michigan Department of Civil Rights ("MDCR") regarding Mr. Eric Stevens. This request includes any communications and documents related to formal or informal reports or complaints regarding Mr. Stevens made to Mr. Tim Bracey, regardless of whether a formal charge was filed with the EEOC or the MDCR.

**RESPONSE:**

13.     Please produce all communications and documents relating in any way to Ms. Lindsay Nelson's resignation from employment with Defendant, including but not limited to communications designed to induce and/or encourage her to resign, and/or any severance agreement with her.

**RESPONSE:**

14.     Please produce all communications and documents relating in any way to Mr. Eric Stevens' resignation from employment with Defendant, including but not limited to communications designed to induce and/or encourage him to resign, and/or any severance agreement with him.

**RESPONSE:**

15.     Please produce all applications of the 11 applicants who applied for the Family Court Clinical Director position in November and December 2016.

**RESPONSE:**

16.     Please produce all communications and documents upon which you intend to rely at trial.

**RESPONSE:**

17.     Please produce all communications and documents which tend to support or refute Plaintiff's claims in the Complaint.

**RESPONSE:**

18.     Please produce all communications and documents related to Plaintiff's job performance which are not contained within his personnel file, and specifically which support or refute Defendants' Answers in Paragraphs 11 and 22.

**RESPONSE:**

19.     Please produce all communications and documents which tend to support or refute Defendants' Affirmative Defenses.

**RESPONSE:**

20.    Please produce all communications and documents which tend to support or refute a conclusion that Eric Stevens engaged in a sexual and/or otherwise romantic relationship with any employees or other agents of Defendants.

**RESPONSE:**

<div style="margin-left: 40%">

PINSKY, SMITH, FAYETTE & KENNEDY LLP
Attorneys for Plaintiff

</div>

Dated: June 25, 2018          By: */s/ Sarah R. Howard*

<div style="margin-left: 40%">

Sarah Riley Howard
Business Address and Telephone:
146 Monroe Center Street NW
Grand Rapids, MI  49503
616-451-8496
showard@psfklaw.com

</div>