# Exhibit D

*Oard v. County of Muskegon and 14th Judicial Circuit Court*

1:17-CV-1136

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

        Plaintiff,

v

        Case No. 1:17-CV-1136
        Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

        Defendants.

---

| | |
|---|---|
| PINSKY, SMITH, FAYETTE<br>  & KENNEDY, LLP<br>By: Sarah Riley Howard (P58531)<br>    Erin Dornbos (P80834)<br>Attorneys for Plaintiff<br>146 Monroe Center Street, NW<br>Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496<br>showard@psfklaw.com<br>edornbos@psfklaw.com | JOHNSON, ROSATI,<br>SCHULTZ & JOPPICH, P.C.<br>By: Laura S. Amtsbuechler (P36972)<br>    Laura Bailey Brown (P79742)<br>Attorneys for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100/Fax: (248) 489-1726<br>lamtsbuechler@jrsjlaw.com<br>lbrown@jrsjlaw.com |

---

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, through their attorneys Johnson, Rosati, Schultz & Joppich, P.C., answer Plaintiff's First Request for Production of Documents to Defendants as follows:

## GENERAL OBJECTIONS

Defendants incorporate by reference each and every General Objection set forth below into each of their objections to Plaintiff's First Requests for Production of Documents. The failure to specifically include any General Objection in any objection to a specific request shall not be interpreted as a waiver of any General Objection to the request. Defendants state the following General Objections:

1. Defendants object to each request to the extent that it seeks to impose obligations upon Defendants beyond those required by the Michigan Rules.

2. Defendants object to providing any information or producing any document that is protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or by any other applicable privilege. Defendants will not produce any information protected from discovery by virtue of such privileges or doctrines. To the extent that any such privileged or otherwise protected information is produced, the production is inadvertent and unintentional, and Defendants do not intend to waive any applicable privilege or immunity as a result of such production.

3. Defendants object to Plaintiff's requests to the extent they require Defendants to produce information or documents not within their possession, custody, or control. Defendants also object to the extent the requests seek information from or relating to any person or entity that is not a party to this

2

litigation.

4. Defendants object on the grounds that Plaintiff's requests are on the whole overly broad, unduly burdensome, vague, ambiguous, seek information which is neither relevant nor material to Plaintiff's claims, and seek information that is not proportional to the needs of the case. No disclosure by Defendants of any information or document shall constitute a waiver of any objection.

5. These responses are made solely for the purpose of this action. Each response is made under all objections as to competence, materiality, relevance, privilege, or other objection as to admissibility which may apply in the event that any such response, or the information contained, is sought to be used in arbitration. Defendants expressly reserve all such objections.

6. Defendants' decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the requests themselves, should not be construed as: (a) a stipulation that the material is relevant and material to Plaintiffs' claims; (b) a waiver of the General Objections or the objections asserted in response to specific discovery requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

7. Defendants object to providing confidential and private information regarding their employees who are not named parties to this litigation.

Accordingly, Defendants will only produce such information subject to an appropriate protective order.

8. These responses reflect Defendants' current knowledge, but Defendants' investigation into these matters continues. Accordingly, Defendants reserve the right to assert additional objections as appropriate and to supplement their responses to these requests. Defendants expressly reserve the right to assert additional general and specific objections to these requests and to supplement their responses as their investigation continues.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce all communications and documents relating in any way to the elimination of the position of Youth Services Director and/or to the creation of the position of Family Court Clinical Director.

**RESPONSE:**

Defendants object to this request to the extent it seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

2. Please produce all communications and documents relating in any way to the decision: (a) to transfer administrative authority over the Juvenile Transition Center ("JTC") to the Family Court; (b) to transition JTC to a licensed

court-operated facility; and/or (c) to reconfigure the Youth Services Director position to become the Family Court Clinical Director as part of the transfer of authority over the JTC to the Family Court.

**RESPONSE:**

Defendants object that this request is overbroad and seeks information that is not proportional to the needs of the case. Defendants further object to this request to the extent it seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

3. Please produce all communications and documents relating in any way to the layoff of Plaintiff from his position as Youth Services Director.

**RESPONSE:**

Defendants object to this request to the extent it seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

4. Please produce all communications and documents, including but not limited to e-mail messages, meeting minutes, and meeting notes, relating in any way to the "JJAT" committee.

5

**RESPONSE:**

Defendants object that this request is overbroad and unduly burdensome, particularly as it is unlimited in scope and duration.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

5. Please produce all communications and documents relating in any way to the selection of Ms. Lindsay Nelson for the position of Interim Family Court Clinical Director.

**RESPONSE:**

Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

6. Please produce all communications and documents relating in any way to the interview and hiring process for the interim and/or permanent position of Family Court Clinical Director.

**RESPONSE:**

Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

7. Please produce all communications and documents relating in any way to any investigation by Defendants regarding Mr. Eric Stevens.

**RESPONSE:**

Defendants object that this request is overbroad, unduly burdensome, vague, ambiguous, and that it seeks information that is not proportional to the needs of the case. Defendants also object to this request as it seeks personal information regarding individuals who are not parties to this action. Defendants further object to this request to the extent it calls for information and documents that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

8. Please produce Mr. Eric Stevens' entire personnel file.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

9. Please produce all communications and documents relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson.

**RESPONSE:**

Defendants object that this request is overbroad, vague, and ambiguous, particularly with respect to the phrase "relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson." Defendants further object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

10. Please produce Ms. Lindsay Nelson's entire personnel file.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

11. Please produce Ms. Kelly France's entire personnel file.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

12. Please produce copies of all communications and documents related in any way to complaints made by employees of Defendant to the Equal Employment Opportunity Commission ("EEOC") and/or the Michigan Department of Civil Rights ("MDCR") regarding Mr. Eric Stevens. This request includes any communications and documents related to formal or informal reports or complaints regarding Mr. Stevens made to Mr. Tim Bracey, regardless of whether a formal charge was filed with the EEOC or the MDCR.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case. Defendants further object to this request to the extent it calls for information and documents that may be protected by the attorney-client privilege or attorney work product doctrine.

8

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

13. Please produce all communications and documents relating in any way to Ms. Lindsay Nelson's resignation from employment with Defendant, including but not limited to communications designed to induce and/or encourage her to resign, and/or any severance agreement with her.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

14. Please produce all communications and documents relating in any way to Mr. Eric Stevens' resignation from employment with Defendant, including but not limited to communications designed to induce and/or encourage him to resign, and/or any severance agreement with him.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case. Defendants further object to the extent this request seeks information and documents that may be protected by the attorney-client privilege or attorney work product doctrine.

15.  Please produce all applications of the 11 applicants who applied for the Family Court Clinical Director position in November and December 2016.

**RESPONSE:**

Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

16.  Please produce all communications and documents upon which you intend to rely at trial.

**RESPONSE:**

Defendants object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine and that the request is premature at this time.

17.  Please produce all communications and documents which tend to support or refute Plaintiff's claims in the Complaint.

**RESPONSE:**

Defendants object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine and that the request is premature at this time.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive

documents.

18. Please produce all communications and documents related to Plaintiff's job performance which are not contained within his personnel file, and specifically which support or refute Defendants' Answers in Paragraphs 11 and 22.

**RESPONSE:**

Defendants object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine and that the request is premature at this time.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

19. Please produce all communications and documents which tend to support or refute Defendants' Affirmative Defenses.

**RESPONSE:**

Defendants object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine and that the request is premature at this time.

Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

20. Please produce all communications and documents which tend to support or refute a conclusion that Eric Stevens engaged in a sexual and/or

11

otherwise romantic relationship with any employees or other agents of Defendants.

**RESPONSE:**

    Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case. Defendants further object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine and that the request is premature at this time.

    As to objections only,

    JOHNSON, ROSATI,
    SCHULTZ & JOPPICH, P.C.

    /s/ Laura Bailey Brown
    Laura Bailey Brown
    Attorney for Defendants
    27555 Executive Drive, Suite 250
    Farmington Hills, MI 48331-3554
    (248) 489-4100
    lbrown@jrsjlaw.com
Dated: July 31, 2018    (P79742)

## PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on ___7/31/18___.

BY:  ☒ U.S. Mail        ☐ Telefacsimile
     ☐ Hand Delivered   ☐ Overnight courier
     ☐ Federal Express  ☒ Other: *E-mail*

Signature:

_/s/ Lori A. Gazdag_
Lori A. Gazdag