# Exhibit E

*Oard v. County of Muskegon and 14th Judicial Circuit Court*

1:17-CV-1136

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

        Plaintiff,

v

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

        Defendants.

Case No. 1:17-CV-1136
Hon. PAUL L. MALONEY

---

| PINSKY, SMITH, FAYETTE & KENNEDY, LLP | JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C. |
|---|---|
| By: Sarah Riley Howard (P58531)<br>    Erin Dornbos (P80834) | By: Laura S. Amtsbuechler (P36972)<br>    Laura Bailey Brown (P79742) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 146 Monroe Center Street, NW<br>Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496<br>showard@psfklaw.com<br>edornbos@psfklaw.com | 27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100/Fax: (248) 489-1726<br>lamtsbuechler@jrsjlaw.com<br>lbrown@jrsjlaw.com |

---

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Defendants, through their attorneys Johnson, Rosati, Schultz & Joppich, P.C., submit the following supplemental response to Plaintiff's First Interrogatories to Defendants:

## GENERAL OBJECTIONS

Defendants incorporate by reference each and every General Objection set forth below into each of their objections to Plaintiff's First Interrogatories. The failure to specifically include any General Objection in any objection to a specific interrogatory shall not be interpreted as a waiver of any General Objection to the request. Defendants state the following General Objections:

1. Defendants object to each interrogatory to the extent that it seeks to impose obligations upon Defendants beyond those required by the Michigan Rules.

2. Defendants object to providing any information or producing any document that is protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or by any other applicable privilege. Defendants will not produce any information protected from discovery by virtue of such privileges or doctrines. To the extent that any such privileged or otherwise protected information is produced, the production is inadvertent and unintentional, and Defendants do not intend to waive any applicable privilege or immunity as a result of such production.

3. Defendants object to Plaintiff's interrogatories to the extent they require Defendants to produce information or documents not within their possession, custody, or control. Defendants also object to the extent the interrogatories seek information from or relating to any person or entity that is not a party to this litigation.

2

4.     Defendants object on the grounds that Plaintiff's interrogatories are on the whole overly broad, unduly burdensome, vague, ambiguous, seek information which is neither relevant nor material to Plaintiff's claims, and seek information that is not proportional to the needs of the case. No disclosure by Defendants of any information or document shall constitute a waiver of any objection.

5.     These responses are made solely for the purpose of this action. Each response is made under all objections as to competence, materiality, relevance, privilege, or other objection as to admissibility which may apply in the event that any such response, or the information contained, is sought to be used in arbitration. Defendants expressly reserve all such objections.

6.     Defendants' decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or instructions, or the interrogatories or requests themselves, should not be construed as: (a) a stipulation that the material is relevant and material to Plaintiffs' claims; (b) a waiver of the General Objections or the objections asserted in response to specific interrogatories or other discovery requests; or (c) an agreement that interrogatories or requests for similar information will be treated in a similar manner.

7.     Defendants object to providing confidential and private information regarding their employees who are not named parties to this litigation. Accordingly, Defendants will only produce such information subject to an appropriate protective

order.

8. These responses reflect Defendants' current knowledge, but Defendants' investigation into these matters continues. Accordingly, Defendants reserve the right to assert additional objections as appropriate and to supplement their responses to these interrogatories and requests. Defendants expressly reserve the right to assert additional general and specific objections to these interrogatories and requests and to supplement their responses as their investigation continues.

## **INTERROGATORIES**

1. Please identify all individuals with whom Mr. Mark Eisenbarth discussed Plaintiff's layoff from his position of Director of Youth Services, either before or after Plaintiff's employment was terminated.

**RESPONSE:**

Defendants object that this request is overbroad and unduly burdensome. Defendants further object to the extent this interrogatory seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Mark Eisenbarth discussed the elimination of the Director of Youth Services position with Finance Director/Assistant County Administrator Beth Dick, Human Resources Director Kristen Wade, and former Circuit Court Administrator Eric Stevens, and he presented it to the members of the Board of Commissioners, including Commissioner Benjamin E. Cross, Commissioner Marvin Engle, Commissioner Susie Hughes, former Commissioner Jeff Lohman, Commissioner Kenneth Mahoney, Commissioner Charles Nash, Commissioner Robert Scolnik, Commissioner Rillastine Wilkins, and former Commissioner Terry Sabo, during the Board's September 27, 2016 meeting.

4

2. Please identify all individuals who participated in the decision to lay off Plaintiff from his position of Director of Youth Services.

**RESPONSE:**

Defendants object that this request is vague and ambiguous, particularly with respect to the phrase "participated in the decision." Defendants further object to the extent this interrogatory seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants state that County Administrator Mark Eisenbarth participated in the decision to eliminate Plaintiff's position as Director of Youth Services, which was unanimously approved by the Board of Commissioners, including Commissioner Benjamin E. Cross, Commissioner Marvin Engle, Commissioner Susie Hughes, former Commissioner Jeff Lohman, Commissioner Kenneth Mahoney, Commissioner Charles Nash, Commissioner Robert Scolnik, Commissioner Rillastine Wilkins, and former Commissioner Terry Sabo, during the Board's September 27, 2016 meeting.

3. Please identify all individuals who participated in any meetings or discussions regarding the creation of the position Family Court Clinical Director and/or the elimination of the position of Director of Youth Services.

**RESPONSE:**

Defendants object to this request as overbroad and unduly burdensome. Defendants further object to the extent this interrogatory seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, the following individuals may have participated in meetings or discussions relating to the creation of the Family Court Clinical Director position or the elimination of the Director of Youth Services position: Plaintiff Vernon Oard, County Administrator Mark Eisenbarth, Presiding Judge of the Family Court Hon. Gregory Pittman, Finance Director/Assistant County Administrator Beth Dick, former Circuit Court Administrator Eric Stevens, Commissioner Benjamin E. Cross, Commissioner

5

Marvin Engle, Commissioner Susie Hughes, former Commissioner Jeff Lohman, Commissioner Kenneth Mahoney, Commissioner Charles Nash, Commissioner Robert Scolnik, Commissioner Rillastine Wilkins, and former Commissioner Terry Sabo.

4. Please identify all individuals who participated in any meetings or discussions relating in any way to the hiring process for the position of interim and/or permanent Family Court Clinical Director.

**RESPONSE:**

Defendants object that this request is overbroad, vague, and ambiguous, particularly with respect to the phrase "meetings or discussions relating in any way to the hiring process."

Subject to and without waiving the foregoing objections, Defendants state that the following individuals may have participated in meetings or discussions relating to hiring for the position of Family Court Clinical Director: Louis Churchwell, Muskegon Area Intermediate School District Director of Nontraditional Programs Jessica Domingues, Muskegon County Administrator Mark Eisenbarth, JTC Shift Supervisor Lucas Hakken, 14th Circuit Court Judge Hon. Kathy Hoogstra, former Probation Officer Marlon James, Director of Muskegon County Department of Health & Human Services Board Jane Johnson, Presiding Family Court Judge Hon. Gregory Pittman, HealthWest Executive Director Julia Rupp, former Circuit Court Administrator Eric Stevens, Circuit Court Administrator Sandra Vanderhyde, Bruce Wright, Commissioner Benjamin E. Cross, Commissioner Marvin Engle, Commissioner Susie Hughes, former Commissioner Jeff Lohman, Commissioner Kenneth Mahoney, Commissioner Charles Nash, Commissioner Robert Scolnik, Commissioner Rillastine Wilkins, and former Commissioner Terry Sabo.

6

5.   Please identify all individuals who were members of, or who ever participated in, "JJAT" committee meetings.

**RESPONSE:**

Plaintiff Vernon Oard, former Circuit Court Administrator Eric Stevens, Circuit Court Administrator Sandra Vanderhyde, Thomas Cartwright, Carmelita Coleman, Lisa Fox, Kelly France, Kim Green, Jordyn Havens, Javier Hernandez, Holly Liefer, Lindsay Nelson, Wayne Silver, and Jill Stamison.

6.   Please identify all individuals who participated in, or were in any way consulted regarding, the choice of Ms. Lindsay Nelson to serve as Interim Family Court Clinical Director.

**RESPONSE:**

Defendants object that this request is overbroad, vague, and ambiguous, particularly with the phrase "consulted regarding."

Subject to and without waiving the foregoing objections, the following individuals may have been consulted or otherwise participated in the appointment of Lindsay Nelson as the Interim Superintendent/Clinical Director: County Administrator Mark Eisenbarth, Presiding Judge of the Family Court Hon. Gregory Pittman, Finance Director/Assistant County Administrator Beth Dick, then-Circuit Court Administrator Eric Stevens, Commissioner Benjamin E. Cross, Commissioner Marvin Engle, Commissioner Susie Hughes, former Commissioner Jeff Lohman, Commissioner Kenneth Mahoney, Commissioner Charles Nash, Commissioner Robert Scolnik, Commissioner Rillastine Wilkins, and former Commissioner Terry Sabo.

7.   Please identify all individuals who participated in, or were in any way consulted regarding, the hiring of Ms. Lindsay Nelson for the permanent position of Family Court Clinical Director.

7

**RESPONSE:**

Defendants object that this request is overbroad, vague, and ambiguous, particularly with the phrase "consulted regarding."

Subject to and without waiving the foregoing objections, the following individuals may have been consulted or otherwise participated in the hiring of Lindsay Nelson for the permanent position as Family Court Clinical Director: Louis Churchwell, JTC Director of School Jessica Domingues, Lucas Hakken, Circuit Court Judge Hon. Kathy Hoogstra, former Probation Officer Marlon James, Director of Muskegon County Department of Health & Human Services Board Jane Johnson, Presiding Judge of Family Court Hon. Gregory Pittman, HealthWest Executive Director Julia Rupp, Circuit Court Administrator Sandra Vanderhyde, and Bruce Wright.

8. Please identify all individuals who participated in, or were in any way consulted regarding, any investigation into Mr. Eric Stevens's conduct or behavior while employed with Defendants.

**RESPONSE:**

Defendants object that this interrogatory is overbroad, unduly burdensome, vague, ambiguous, and that it seeks information that is not proportional to the needs of the case. Defendants also object to this interrogatory as it seeks personal information regarding individuals who are not parties to this action. Defendants further object to this interrogatory to the extent it calls for information and documents that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants state that in addition to the present action, former Muskegon County employee Jill Stamison filed a Charge of Discrimination with the Equal Employment Opportunity Commission relating to then-Circuit Court Administrator Eric Stevens. The Equal Employment Opportunity Commission investigated and dismissed the Charge, issuing a no-cause finding.

9. Please identify all individuals who were members of the panel/group that conducted the first interviews for the position of Family Court Clinical Director in November and/or December 2016.

**RESPONSE:**

Louis Churchwell, Jessica Domingues, Lucas Hakken, Hon. Kathy Hoogstra, Marlon James, Sandra Vanderhyde, and Bruce Wright.

10. Please identify all individuals who were members of the panel/group that conducted the second interviews for the position of Family Court Clinical Director in November and/or December 2016.

**RESPONSE:**

Jane Johnson, Hon. Gregory Pittman, Julia Rupp, and Sandra Vanderhyde.

11. Please identify all individuals who participated in searching for documents responsive to Plaintiff's First Request for Production of Documents, including all Information Technology (IT) personnel.

**RESPONSE:**

Defendants object to the extent this interrogatory seeks information that may be protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Sandra Vanderhyde and IT Manager Mark Hansen primarily assisted in gathering documents to respond to Plaintiff's discovery requests.

I DECLARE THAT THE ABOVE AND FOREGOING ANSWERS ARE TRUE, COMPLETE, AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Dated: 8-24-18

_____
Muskegon County, Mark Eisenbarth
(As to Interrogatories 1 through 3)

Dated: 8-24-18

_____
(As to Interrogatories 4 through 10)

As to objections only,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

_____
Laura Bailey Brown
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lbrown@jrsjlaw.com
(P79742)

Dated: 08/24/2018

## PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on 3-24-18.

BY:  ☒ U.S. Mail        ☐ Telefacsimile
     ☐ Hand Delivered   ☐ Overnight courier
     ☐ Federal Express  ☒ Other: *E-mail*

Signature:

Julie Doll