UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

       Plaintiff,

v                                             Case No. 1:17-CV-1136
                                             Hon. Paul L. Maloney

COUNTY OF MUSKEGON, and             Magistrate Judge Phillip Green
14TH JUDICIAL CIRCUIT COURT,

       Defendants.
_____

| | |
|---|---|
| PINSKY, SMITH, FAYETTE<br>  & KENNEDY, LLP<br>By:  Sarah Riley Howard (P58531)<br>     Erin Dornbos (P80834)<br>Attorneys for Plaintiff<br>146 Monroe Center Street, NW<br>Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496<br>showard@psfklaw.com<br>edornbos@psfklaw.com | ROSATI, SCHULTZ, JOPPICH, &<br>AMTSBUECHLER, P.C.<br>By:  Laura S. Amtsbuechler (P36972)<br>     Laura Bailey Brown (P79742)<br>Attorneys for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI  48331<br>(248) 489-4100/Fax:  (248) 489-1726<br>lamtsbuechler@jrsjlaw.com<br>lbrown@jrsjlaw.com |

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

      Defendants County of Muskegon and the 14th Judicial Circuit Court, by and through their attorneys, Rosati, Schultz, Joppich & Amtsbuechler, P.C., respond to Plaintiff's Motion to Compel as follows:

## INTRODUCTION

Despite Plaintiff's contentions, the vast majority of the information Plaintiff requested in discovery has already been produced. Defendants have fully engaged in the discovery process and have served and responded to discovery as permitted and required under the Federal Rules. Defendants have diligently searched for documents responsive to appropriate requests and have produced nearly two-thousand pages of responsive, non-privileged documents and an index specifically identifying the documents to Plaintiff. Defendants have further voluntarily, and at points without request, provided supplemental responses to Plaintiff's discovery requests in accordance with Rule 26.

Defendants have served appropriate objections to requests that are exceptionally overbroad and disproportionate to the needs of this case. They have also served appropriate objections to Plaintiff's demands for privileged information. Defendants have actively engaged in discovery and have made extensive efforts to move forward in the process in good faith and in the spirit of cooperation, including agreeing to and coordinating the scheduling of depositions of all 14 of the witnesses Plaintiff requested (notably, in excess of the 10 allotted under the Federal Rules).

An examination of the circumstances surrounding the motion demonstrates that the motion and the relief sought are unwarranted and unnecessary. For the reasons that follow, Plaintiff's motion should be denied.

## FACTUAL BACKGROUND

Plaintiff Vernon Oard is a former employee of Muskegon County who served as the Youth Services Director of the County's Juvenile Transition Center ("JTC"). Plaintiff position was eliminated in 2016 when the JTC was transferred from being a County-operated facility to a Court-operated facility. As evidenced by the written discovery that has been exchanged thus far, the decision to eliminate Plaintiff's position was made by the County Administrator and the County Board of Commissioners due to budgetary reasons and operational efficiency issues.

Once the JTC transitioned to being administered by the Court, a new position to lead the facility was created: Clinical Director/Superintendent. Unlike Plaintiff's former position with the County-operated JTC, this new position included different responsibilities and goals, and was compensated at a significantly lower rate than the eliminated Youth Services Director position. It was truly a new job that focused on a youth programming centered philosophy that had not been previously implemented by Plaintiff during his tenure with the JTC. Lindsay Nelson, who was serving as the Program Coordinator with the JTC and whose job centered on youth-programming, was selected to fill the newly-created position on an interim basis.

The Clinical Director/Superintendent job immediately was posted, and six applicants were selected for interviews, including Plaintiff and Lindsay Nelson. The interviews took place in two separate rounds with two different panels of

3

interviewers. The first round of interviews was conducted by seven panelists, both male and female, including a Family Court Judge, the Deputy Circuit Court Administrator, the Director of School at the JTC, a probation officer, a representative of MDHHS, a staff member from the JTC, and a supervisor from probation. The scores were tabulated, and the top four candidates were chosen to move forward to the second panel interview. Plaintiff was third on the rank list and advanced to the second round of interviews.

The scores from the first round did not carry over to the second round. The second round of interviews of the four candidates was done by a new panel of interviewers, which included the Presiding Judge of Family Court, the Deputy Circuit Court Administrator, the Director of HealthWest, and a Director at the Michigan Department of Health and Human Services. When the interviews were complete, Lindsay Nelson was the unanimous first choice of all who participated in the second round of interviews, and she was hired. Plaintiff, on the other hand, was ranked by each of the various panel members as either third or fourth on the rank list. These panelists were the only individuals who participated in the interviews and who had any input into the decision to hire Lindsay Nelson for the permanent Superintendent position.

Despite the overwhelming evidence to the contrary, Plaintiff now claims that Eric Stevens, the former Circuit Court Administrator, was somehow involved in the

post-transition hiring decisions relating to Lindsay Nelson. Plaintiff further improperly seeks information relating to the private, romantic relationships that Mr. Stevens may or may not have had with Ms. Nelson and other County employees. But Plaintiff's requests for information about the personal lives of various County employees are wholly irrelevant to Plaintiff's age and gender discrimination allegations, are sought solely for the purposes of conflating the issues in this matter and driving up the costs of what is proving to be an unnecessarily expensive discovery process, far exceed what is proportional in the context of this litigation, and are otherwise privileged.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Thus, to be discoverable, a request must be three things: (1) nonprivileged, (2) relevant, and (3) proportional to the needs of the case. The proportionality analysis provides that Courts should consider importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "In determining the proper scope of discovery, a district court balances a

party's right to discovery with the need to prevent fishing expeditions." *Marsden v. Nationwide Biweekly Admin., Inc.*, 2016 WL 471364 (S.D. Ohio 2016) (citing *Conti v. Am. Axle & Mfg. Inc.*, 326 App'x 900, 907 (6th Cir. 2009)).

I.  **Plaintiff's Requests for Information About the Private, Romantic Relationships Between County Employees Are Irrelevant and Disproportionate to the Needs of the Case.**

Plaintiff's motion relates to discovery on one issue: former employee Eric Stevens personal and private romantic relationships. This single issue is raised in the three separate document requests made by Plaintiff that are the subject of this motion: Request Nos. 7, 9, and 20. Request No. 7 seeks "all communications and documents relating in any way to any investigation by Defendants regarding Mr. Eric Stevens." Similarly, Request No. 9 seeks "all communications and documents relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson," who Plaintiff has incorrectly alleged was involved in a romantic relationship with Mr. Stevens in 2016. Finally, Request No. 20 seeks "all communications and documents which tend to support or refute a conclusion that Eric Stevens engaged in a sexual and/or otherwise romantic relationship with any employees or other agents of Defendants."

As an initial matter and as Plaintiff admits in his motion, the heart of his claim is that "his lay-off and lack of rehiring was unlawfully influenced by the romantic preference of Mr. Stevens." Although Defendants in no way agree with this

6

contention, particularly as the discovery to-date does not support the allegation, the law on this matter could not be clearer: preferential treatment to an individual on the basis of a sexual relationship to another's detriment does not constitute discrimination under Title VII. *See, e.g.*, *Briggs v. University of Detroit-Mercy*, 22 F. Supp. 3d 798 (E.D. Mich. 2014) (granting summary judgment to defendants on the basis that preferential treatment to a paramour is not gender-based discrimination); *McDaniels v. Plymouth-Canton Comm. Schools*, 2017 WL 4682293 (E.D. Mich. 2017) (granting summary judgment to defendants on the basis that preferential treatment in hiring based on romantic relationship is not discrimination).

Thus, the fact that Eric Stevens may or may not have had a romantic relationship with his former colleagues is completely irrelevant to the claims in this action. Plaintiff therefore fails to establish an entitlement to discovery on these issues under Rule 26(b)(1), and his efforts to obtain such discovery amount to nothing more than an inappropriate and unsupportable fishing expedition.

Not only is discovery on these issues wholly irrelevant, the requests fail the proportionality analysis under Rule 26(b)(1). As described above, documents relating to Mr. Stevens's purported romantic relationships are completely unnecessary to advance Plaintiff's claims. Thus, discovery on this topic is not important to the issues at stake in this litigation, nor will it assist in resolving the issues. Consequently, at least two of the factors under the proportionality analysis

weigh in favor of denial of Plaintiff's motion.

Although Requests 7, 9, and 20 all share a common theme and the arguments above apply equally to each of those requests, each of the requests is also objectionable for the additional reasons addressed separately below.

A. Request No. 7

In response to Request No. 7, which seeks "all communications and documents relating in any way to any investigation by Defendants regarding Mr. Eric Stevens," Defendants provided the following answer:

> Defendants object that this request is overbroad, unduly burdensome, vague, ambiguous, and that it seeks information that is not proportional to the needs of the case. Defendants also object to this request as it seeks personal information regarding individuals who are not parties to this action. Defendants further object to this request to the extent it calls for information and documents that may be protected by the attorney-client privilege or attorney work product doctrine.
>
> Subject to and without waiving the foregoing objections, Defendants direct Plaintiff to the non-privileged, responsive documents produced herewith, along with the Bates-Stamped Document Index identifying certain responsive documents.

*See* Doc. 23-6, PageID 168.

As acknowledged by Plaintiff's counsel in the motion, responsive, non-privileged documents were produced in response to this request. Despite Defendants' explanation that all non-privileged, responsive documents of which Defendants were currently aware had been produced, Plaintiff insists that there are

8

certain documents out there that have not been produced. *See* Doc. #23, PageID 102. Plaintiff further offers baseless conjecture that certain documents must exist relating to an internal investigation about Eric Stevens because "it does not make sense that there would be no documents. . . ," and because various unnamed sources apparently are of the belief that there were text messages and/or emails that were a part of the investigation. *Id.* However, Plaintiff has yet to identify specifically which documents are lacking. As previously stated, Defendants have diligently searched for documents responsive to appropriate requests and have, without waiving their objections, produced responsive, non-privileged records of which they are currently aware. To the extent any documents were withheld, they were identified on a privilege log. *See* Doc. 23-7.

    B.    <u>Request No. 9</u>

In response to Request No. 9, which sought "all communications and documents relating in any way to any investigation by Defendants regarding Lindsay Nelson," Defendants objected:

> Defendants object that this request is overbroad, vague, and ambiguous, particularly with respect to the phrase "relating in any way to any investigation by Defendants regarding Ms. Lindsay Nelson." Defendants further object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case.

*See* Doc. 23-6, PageID 168.

9

Although Request No. 9 seeks information to which Defendants believe Plaintiff is not entitled for the reasons included in the objection and outlined above, Defendants explained to Plaintiff's counsel both in conversation and in writing that there are no documents responsive to the request as it is Defendants' understanding that there was no investigation into Lindsay Nelson. *See* **Ex. 1**, August 30 Email Exchange. Defendants agreed to supplement their discovery responses to clarify their response to this request and will do so.

C.   Request No. 20

In response to Request No. 20, which requested "all communications and documents which tend to support or refute a conclusion that Eric Stevens engaged in a sexual and/or otherwise romantic relationship with any employees or other agents of Defendants," Defendants provided the following answer:

> Defendants object that this request seeks private or otherwise confidential information of individuals who are not parties to this action on issues that are not relevant, and that this request is not proportional to the needs of the case. Defendants further object that this request seeks information or documents that may be protected by the attorney-client privilege or attorney work product doctrine.

*See* Doc. No. 23-6, PageID 173.

This request is, on its face, completely overbroad and consequently disproportionate to the needs to the case. Specifically, Plaintiff seeks information not only about a former employee's potential relationships with unidentified

10

individuals who have no clear connection to the matters at issues in this case, but more broadly that may or may not tend to support or refute these unknown relationships.

Much like the position set forth above with respect to allegations of an affair with Ms. Nelson, the argument that Mr. Stevens' purported relationships with employees *other than* Lindsay Nelson are somehow related to his gender and age discrimination claim relating to the Court's decision to hire her for the permanent Superintendent position is completely untenable, and it is difficult to see how there is any way that these records could be discoverable. Furthermore, from a proportionality standpoint, the request is so incredibly broad that an effective search for those records would require extensive attorney time and potentially an information technology expert to develop a way to effectively search for those records. In the context of the issues in this litigation, the search for and production of potentially responsive communications is simply not important to Plaintiff's claims, will not resolve the issues, and the burden and expense far outweighs its likely benefit. Plaintiff's motion should therefore be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel.


|  | Respectfully submitted, |
|---|---|
|  | ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, P.C. |
|  |  |
|  | /s/  Laura Bailey Brown |
|  | Laura Bailey Brown |
|  | Attorney for Defendants |
|  | 27555 Executive Drive, Suite 250 |
|  | Farmington Hills, MI 48331-3554 |
|  | (248) 489-4100 |
|  | lbrown@jrsjlaw.com |
| Dated:  September 21, 2018 | (P79742) |

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on September 21, 2018.

BY:  ☐ U.S. Mail         ☐ Telefacsimile
     ☐ Hand Delivered  ☐ Overnight courier
     ☐ Federal Express  ☒ Other: ***E-filing***

Signature:

         /s      Laura Bailey Brown