UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

       Plaintiff,

v

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

       Defendants.

Case No. 1:17-CV-1136
Hon. Paul L. Maloney
Hon. Magistrate Phillip Greene

_____

| PINSKY, SMITH, FAYETTE & KENNEDY, LLP | ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, P.C. |
|---|---|
| By: Sarah Riley Howard (P58531)<br>    Erin Dornbos (P80834) | By: Laura S. Amtsbuechler (P36972)<br>    Laura Bailey Brown (P79742) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 146 Monroe Center Street, NW<br>Suite 805<br>Grand Rapids, MI 49503-2818<br>(616) 451-8496<br>showard@psfklaw.com<br>edornbos@psfklaw.com | 27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100/Fax: (248) 489-1726<br>lamtsbuechler@rsjalaw.com<br>lbrown@rsjalaw.com |

_____

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PRIVILEGE**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES…………………………………………………………..ii

INTRODUCTION………………………………………………………………………1

DISCUSSION……………………………………………………………………………2

      I.      The Deliberative Process Privilege………………………………...2

            A.    *The Privilege Was Asserted Both at the Earliest Possible Opportunity and in Accordance with this Court's Order, and It Has Not Been Waived.*

            B.    *The Objection to Production of the Portions of the Memorandum Designated as Protected by the Deliberative Process Privilege Should Be Sustained.*

      II.     The Work Product Doctrine.…………………………………………….6

      III.    The Attorney-Client Privilege……………………………………..9

CONCLUSION……………………………………………………………………...10

# INDEX OF AUTHORITIES

**Cases**

*Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001)..................................................................................5

*E.E.O.C. v. Peoplemark, Inc.*, No. 1:08-CV-907, 2010 WL 748250 (W.D. Mich. Feb. 26, 2010) ................................................................................................5

*In re Continental Capital Inv. Servs, Inc.*, 2011 WL 4624678 (N.D. Ohio 2011)....3

*In re Sealed Case*, 146 F.3d 881 (D.C. Cir. 1998).....................................................8

*Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, 2016 WL 4662431 (E.D. Mich. 2016)........................................................................................................3

*Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127 (E.D. Mich. 2009)...............10

*Missouri ex rel Shorr v. United States Corps of Eng'rs*, 147 F.3d 708 (8th Cir. 1998) ..........................................................................................................4

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir. 1992).............................................................................................8

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975)...............................................4

*Quicken Loans, Inc. v. Brooks*, 2010 WL 11541991 (E.D. Mich. 2010). .................6

*Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998).........................................................10

*Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534 (6th Cir. 2001). ..............................5

*Schell v. U.S. Dep't of Health & Human Servs*, 843 F.2d 933 (6th Cir. 1988).........5

*United States v. Dakota*, 197 F.3d 821 (6th Cir. 1999). ..........................................10

*United States v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006)............................... 7, 8, 9

*Upjohn Co. v. United States*, 449 U.S. 383 (1981).................................................10

**Rules**

Fed. R. Civ. P. 26(b)(3).......................................................................................6, 9

## INTRODUCTION

During a status conference before the Court on November 29, 2018, the parties presented arguments relating to a discovery dispute that, despite the parties' collective best efforts, they have not been able resolve without guidance from the Court. At issue is a memorandum prepared by the Honorable Timothy Hicks, Chief Judge Pro Tem of Michigan's 14th Judicial Circuit Court, which Defendants provided directly to the Court for *in camera* review in advance of the November 29 hearing.

As instructed in the Court's November 29 Order (Doc. No. 51), Defendants also have prepared a second copy of the subject memorandum, color-coded on the basis of privilege asserted, and delivered a hard copy to the Court for further *in camera* review in conjunction with this brief, which is provided to assist the Court in its evaluation of the privileges highlighted in the memorandum. As indicated during the status conference and as identified on the privilege log attached hereto as Exhibit A, Defendants assert three privileges in connection with the memorandum: deliberative process, attorney work product, and attorney-client communication. Each of these privileges and their application to the subject document are discussed in turn below.

## DISCUSSION

I. **The Deliberative Process Privilege**

   A. *The Privilege Was Asserted Both at the Earliest Possible Opportunity and in Accordance with this Court's Order, and It Has Not Been Waived.*

During the November 29 status conference, the Court inquired as to why this privilege was not asserted in Defendants' initial Objections and Responses to Plaintiffs' First Requests for Production and asked whether the privilege had been waived. As discussed during the conference, counsel for Defendants was unaware that the memorandum existed until after the Court's September 26, 2018 Order (Doc. No. 34) granting in part and holding in abeyance in part Plaintiff's Motion to Compel Discovery. Once counsel became aware of the document, the document was identified, and the applicable privileges were asserted, as Defendants were ordered to do in the Court's September 26 Order:

> [D]efendants shall determine whether a memorandum authored by Circuit Judge Timothy Hicks concerning the investigation of Eric Stevens exists. Defendants shall, within 21 days of the date of this order, advise plaintiff's counsel whether the memorandum in question exists; and if so, they shall either produce the document or state the nature of any objections to its production. Any assertions of privilege must be included in a privilege log.

2

Order, Doc. No. 34, PgID 207.

Defendants acknowledge that in some instances, the failure to object to discovery requests within the thirty days provided by Rules 33 and 34 may constitute waiver of the objection. However, "this is not a bright-line rule; courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, 2016 WL 4662431 (E.D. Mich. 2016) (attached hereto as Exhibit B). A court may also excuse a party's purported waiver of objection by a showing of good cause. *See, e.g.*, *In re Continental Capital Inv. Servs, Inc.*, 2011 WL 4624678 (N.D. Ohio 2011) (attached hereto as Exhibit C).

In this instance, Defendants timely served their initial responses to discovery raising all applicable objections that were known to Defendants at the time. It was not until the discovery process was well underway that the memorandum at issue was discovered. At that time Defendants, in keeping with the Court's Order, identified the privilege on Defendants' Second Supplemental Privilege/Redaction Log, which was provided to Plaintiff's counsel on or about October 17, 2017. (*See* Exhibit A). Defendants also reiterated these objections on the record during Judge Hicks's deposition. Defendants raised the privilege consistent with the Court's

3

order and at the earliest possible opportunity; it was not possible for the privilege to be asserted earlier as defense counsel was unaware that the document existed. There has been no delay in compliance with the Court's Order or with otherwise raising the objection. Moreover, Plaintiffs will suffer no prejudice if Defendants are permitted to maintain this privilege assertion. Thus, the deliberative process privilege assertion in connection with Judge Hicks's memorandum has not been waived, and the Court should allow Defendants to proceed with this objection.

> B. *The Objection to Production of the Portions of the Memorandum Designated as Protected by the Deliberative Process Privilege Should Be Sustained.*

The deliberative process privilege protects from discovery "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). The privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual. *Id*. The policy rationale behind this privilege is to promote effective governmental decision making by maintaining a free and open exchange of ideas among government officials. *See Missouri ex rel Shorr v. United States Corps of Eng'rs*, 147 F.3d 708, 710 (8th Cir. 1998). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of

4

discovery and front-page news, and its object is to enhance 'the quality of agency decisions'. . . by protecting open and frank discussion among those who make them within the government." *Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001). Therefore, "the key issue in applying this exception is whether disclosure of the materials would 'expose an agency's decision-making process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001).

To qualify for protection under this privilege, a document must meet two requirements: (1) the document must be "pre-decisional," that is, it must have been "received by the decision-maker on the subject of the decision prior to the time the decision is made," and (2) the document must be "deliberative," meaning the document was "the result of a consultive process." *E.E.O.C. v. Peoplemark, Inc.*, No. 1:08-CV-907, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010) (attached hereto as Exhibit D); *see also Schell v. U.S. Dep't of Health & Human Servs*, 843 F.2d 933, 940 (6th Cir. 1988). Factual materials are generally not privileged unless "they are inextricably intertwined with policy-making processes. . . . Non-factual materials that express opinions or recommendations, on the other hand, are clearly protected." *Sears*, 421 U.S. at 150.

Here, the document at issue was pre-decisional and was provided by the Chief Judge Pro Tem Hicks to his supervisor, the Chief Judge Marietti[1] in consultation and deliberation about how to handle the issues surrounding former Circuit Court Administrator Eric Stevens that were raised in the memorandum. Judge Hicks further provided analysis and recommendations on what actions could or should be taken with respect to Mr. Stevens. These deliberative materials that express opinions, recommendations, or deliberations have been highlighted in the memorandum submitted for the Court's review. The highlighted portions are protected from disclosure, and Defendants' objection on the basis of the deliberative process privilege should therefore be sustained.

## II.   The Work Product Doctrine

The work product privilege protects from discovery "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). The rule goes beyond the work of an attorney and allows for work performed by a party in anticipation of litigation. *Quicken Loans, Inc. v. Brooks*, 2010 WL 11541991 (E.D. Mich. 2010).

A document is prepared in anticipation of litigation if it is prepared because

---

[1] Attached hereto as Exhibit E are excerpts from Judge Hicks's deposition testimony during which he explained his role as Chief Judge Pro Tem in comparison to Judge Marietti's role as Chief Judge. *See* Ex. E, Hicks Tr., 8:4-15.

6

of the prospect of litigation. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006). To determine whether a document has been prepared "in anticipation of litigation," a court looks at two questions: (1) whether the document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. *Id.* If the document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection. *Id.* at 598-99. The Sixth Circuit has explained that "a party may satisfy its burden of showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories." *Id.* at 597.

In his deposition, Judge Hicks testified multiple times that part of the reason he prepared this memorandum included the fact that he anticipated litigation would be filed – either by a suit against the Court or by personal action against the judges. *See* Ex. E, Hicks Tr. 24:13-20; 31:3-32:7. This is further evidenced by the memorandum itself, which raises legal issues and potential litigation at several different points. Judge Hicks further testified that at some point while he was preparing the memorandum, he and Judge Marietti decided to involve, and did involve, Corporation Counsel Doug Hughes, and that the memorandum was provided to him. Ex. E, Hicks Tr. 26:16-22, 28:18-30:10. Thus, the memorandum

7

at issue was clearly prepared because of Judge Hicks's subjective anticipation of litigation.

In addition, this subjective anticipation is objectively reasonable. As observed by the Sixth Circuit, "courts have articulated various tests for determining when anticipation of litigation is too speculative to be objectively reasonable." *Roxworthy,* 457 F.3d at 599-600. Some courts have found anticipation to be objectively reasonably where, even in the absence of a specific claim, "an attorney rendered legal advice in order to protect the client from future litigation about a particular transaction." *Id.* (citing *In re Sealed Case*, 146 F.3d 881, 885 (D.C. Cir. 1998)). Other courts have found that the privilege applies when "the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir. 1992)).

Under the tests the Sixth Circuit has referenced as being instructive on the issue of whether a subjective anticipation of litigation was objectively reasonable, Judge Hicks's memorandum satisfies the burden. As anticipated by Judge Hicks in his memorandum, claims were made, and litigation ultimately ensued. Even in the absence of a specific claim, as Judge Hicks testified, he also sought legal advice from Corporation Counsel in connection with the issues raised in the memorandum

to prepare for potential future litigation. It is also clear based on the content of the memorandum that Judge Hicks was facing a "potential claim following an actual event or series of events that reasonably could result in litigation." *Roxworthy,* 457 F.3d at 599. Thus, the entire memorandum was prepared in anticipation of litigation and is protected work product.

In addition, Plaintiffs cannot show that they have a substantial need for the memorandum to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(ii). However, in the event the Court orders discovery of these work product materials, "it must protect against disclosure the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). As evidenced by the memorandum submitted for *in camera* review, there are mental impressions, conclusions, opinions, and legal theories throughout the memorandum, and these portions of the memorandum are not subject to disclosure.

### III. The Attorney-Client Privilege

The Sixth Circuit provides the elements to the attorney-client privilege as: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such (3) the communications relating to that purpose (4) made in confidence (5) by the client (6) are at his or her instance permanently

9

protected (7) from disclosure by himself or by the legal adviser (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998). When seeking to claim a privilege, the party asserting the privilege bears the burden of establishing the existence of the privilege. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). The purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Defendants recognize that "the scope of the privilege is narrow: it attaches only to confidential communications by the client to its adviser that are made for the purpose of obtaining legal advice." *Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 139 (E.D. Mich. 2009).

Upon further research and review, Defendants acknowledge that although the memorandum at issue was drafted by a judge and provided to a judge, both of whom are also attorneys and legal advisers, who subsequently provided the memorandum to the County's Corporation Counsel for legal advice (as evidenced by Judge Hicks's testimony), the communication itself was not initially directly provided by a client to a legal adviser for the purposes of obtaining legal advice. Defendants therefore respectfully withdraw the assertion of the attorney-client privilege in connection with this particular document.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, P.C.

/s/ Laura Bailey Brown
Laura Bailey Brown
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lbrown@jrsjlaw.com
(P79742)

Dated: December 13, 2018

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on December 13, 2018.

BY: ☐ U.S. Mail ☐ Telefacsimile
☐ Hand Delivered ☐ Overnight courier
☐ Federal Express ☒ Other: ***E-filing***

Signature:

/s Laura Bailey Brown

11