UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

VERNON OARD,

        Plaintiff,

                                    Case No. 1:17-CV-1136
                                    Hon. PAUL L. MALONEY

COUNTY OF MUSKEGON, and
14TH JUDICIAL CIRCUIT COURT,

        Defendants.

| | |
|---|---|
| Sarah Riley Howard | Laura S. Amtsbuechler |
| Erin Dornbos | Laura Bailey Brown |
| Attorneys for Plaintiff | Attorneys for Defendants |
| PINSKY, SMITH, FAYETTE & KENNEDY LLP | ROSATI SCHULTZ JOPPICH |
| 146 Monroe Center St., NW | & AMTSBUECHLER, PC |
| Suite 805 | 27555 Executive Dr., Suite 250 |
| Grand Rapids, MI 49503-2818 | Farmington Hills, MI 48331 |
| (616) 451-8496 | (248) 489-4100 |

### PLAINTIFF'S RESPONSE REGARDING PRIVILEGE ISSUES

Although Plaintiff's ability to present argument on the memorandum by Circuit Judge Timothy Hicks concerning the investigation of Eric Stevens ("the Memo")[1] is necessarily limited without having access to it, Plaintiff takes the position that the entire Memo must be disclosed and is not subject to an applicable privilege.

---

[1] The Memo is actually two separate documents dated March 20, 2017, and March 27, 2017, respectively, and Bates-numbered 1703-D to 1711-D.

I.   **Deliberative Process Privilege**

Plaintiff believes that claims of privilege were waived by untimely assertion. While Plaintiff's counsel does not doubt that defense counsel was not informed of the existence of the Memo earlier than stated, representatives of the entity-Defendants here should have informed defense counsel much earlier of the existence of the Memo, i.e., <u>at least</u> upon receipt of the first written discovery requests. Indeed, it seems that in preparing the Answer to the Complaint that representatives of the entity-Defendants should have advised defense counsel of the Memo, given its central relation to the facts of the events alleged. Multiple witnesses knew of the existence of the Memo and the subject of the fact-finding therein. From this perspective, Defendants do not have "good cause" not to have claimed privileges earlier as to the Memo, even if defense counsel moved swiftly to place objections when representatives finally revealed its existence to counsel.

However, it is not necessary to rely on waiver in any event. From what Plaintiff's counsel can ascertain, Judge Hicks' Memo is largely or completely factual in nature and thus not protected by deliberative process privilege. Judge Hicks undertook investigation of the staff concerns regarding Eric Stevens because nothing had been investigated to that point, other than simply asking Mr. Stevens if any of the rumors were true. (See Ex. A, Hicks Dep. at 22-25.) Judge Hicks testified in his deposition that he could not recall some or all of the details from his fact-finding conversations with various witnesses, on issues critical to this litigation, and that having the Memo would likely refresh his recollection. (See Hicks Dep. at 25-27, 60-63.) Plaintiff is denied information on critical timing,

witness statements, and events relating to the investigation of Mr. Stevens without having the Memo.

As Defendants acknowledge, deliberative process privilege does not apply to documents that are "purely factual in nature[.]" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Even if Judge Hicks' reasons for undertaking the investigation were to determine in the future if he felt there might be litigation concerns or other types of problems, and to discuss those potential concerns with others if the time came, it is unclear (and seems unlikely) that the Memo was at the stage of being drafted to engage in deliberation itself. He was still at the fact-finding stage at the point of the Memo's drafting, and the purpose of the Memo seems that it was to document the fact-finding, not to discuss what to do next. There is no indication that the Memo was "the result of a consultive process[.]" See *EEOC v. Peoplemark, Inc.*, No. 1:08-CV-907, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010) If anything, it was to determine if there was the need for a consultive process, and what type(s) of consultations.  The types of information not protected by this privilege are who was interviewed during the investigations; who conducted the investigations; the facts on which any determinations were based; the documents or testimony on which findings of fact included in the determinations were based; the actions taken during the investigation; the communications between interviewers and witnesses; and the dates on which the investigations were started and finished. See *id.* That is the exactly the type of information that we expect is reflected in Judge Hicks' Memo.

When government officials are acting in a human-resources capacity with respect to their own employees, like here, it seems even less likely that deliberative process privilege applies. This is not a "policymaking" decision at issue, and that does not change simply because the actors were government officials.

## II.   Work Product Privilege

Defendants have correctly stated the law on work product privilege, but Plaintiff disagrees as to the application of the law. First, under Federal Rule of Civil Procedure 26(b)(3)(ii), Plaintiff has a substantial need for the memo to prepare his case and cannot obtain the information from other means without substantial hardship, or potentially not at all. Judge Hicks testified at deposition that he could not recall all of the details of his fact-finding investigations without reference to the Memo. (See Hicks Dep. at 25-27, 60-63.) Plaintiff is unlikely to be able to discover what Judge Hicks was told and by whom without extensive depositions of current and former employees of Defendants, and even then probably cannot recapture all of what Judge Hicks discovered and when he did so. As it is, Plaintiff has had to depose, and schedule future depositions of, an unusually large number of witnesses because of the two-committee hiring structure at issue as to one of the claims, and because of the number of individuals involved at some level where two large entities are Defendants.

Second, to be protected by work-product privilege at all, it must be prepared "because of the prospect of litigation." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). "It is clear that documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other

nonlitigation purposes, are not covered by the work product privilege." *Id.* It seems that Judge Hicks' fact-finding memo was prepared at the stage before those potential litigation concerns were a central focus of his investigative mission. The fact that litigation ultimately resulted is not dispositive of what was likely intended at the time of the Memo's creation. In short, the purposes of work product privilege would not be served by applying it here.

When Judge Hicks was contemplating what he needed to do and/or find out, he testified that he consulted a human resources professional, Ed Zobeck, who is the Chief Administrative Officer of the Michigan Supreme Court, not a lawyer. (Ex. A, Hicks Dep. at 19-21.) Judge Hicks testified that there were "some management, some legal" ramifications of concerns about Eric Stevens about which he was concerned when he undertook fact-finding and documenting that in the Memo. (*Id.* at 21.) Judge Hicks testified his purposes in engaging in fact-finding and writing the Memo involved multiple issues in addition to potential litigation or legal liability, including "the effect on the administration of the Court." (*Id.* at 24.) Documents are not protected if they were created for nonlitigation purposes, regardless of content. *Roxworthy*, 457 F.3d at 595. It was not until Judge Hicks was partly through his fact-finding and writing of the Memo that he and Chief Judge Marietti <u>then</u> decided to consult an attorney for legal advice. (*Id.* at 26.) The County then engaged that attorney, Doug Hughes, to conduct an investigation, which his law firm did. (*Id.* at 30.) That investigation – not Judge Hicks' – was conducted in anticipation of litigation, or "because of" litigation concerns, in the sense contemplated by the requirements to apply work product privilege. Although a

document need not be created "solely" in anticipation of litigation for work product privilege to apply, the privilege will not attach when the document would have been prepared in essentially a similar manner without the litigation purpose. *Roxworthy*, 457 F.3d at 598-99. That seems to be the case here.

Accordingly, Plaintiff respectfully requests that this Court order production of the Memo.

>Respectfully submitted,
>
>PINSKY, SMITH, FAYETTE & KENNEDY, LLP
>Attorneys for Plaintiff

Dated: December 20, 2018       By: /s/ Sarah R. Howard
>Sarah Riley Howard
>Business Address:
>146 Monroe Center, N.W., Suite 805
>Grand Rapids, MI 49503
>(616) 451-8496
>showard@psfklaw.com